W. R. HOPKINS and Z. W. EVANS, *Plaintiffs in Error,* v. F. A. ROLLINS, *Defendant in Error.*

Division A.

On petition for Rehearing.

Opinion filed June 22, 1929.

ELLIS, J.—The judgment was entered February 8, 1927. The motion for a new trial was made and submitted February 11th. The Court overruled the motion October 17th, eight months afterward. The writ of error issued August 6th, 1927, five months and twenty-eight days after the judgment was entered but two months and eleven days before the court overruled the motion for a new trial.

The plaintiffs in error here were the plaintiffs below. This Court affirmed the judgment April 20, 1929. The plaintiffs

in error by their counsel now ask for a rehearing and dismissal of the writ of error because they say that as the writ of error was taken before the motion for a new trial and was ruled upon by the court the writ was invalid as it was not taken to a final judgment; that the judgment did not become final until the court overruled the motion for a new trial and a writ of error lies only to a final judgment.

The case of McClellan v. Wood, 78 Fla. 407, 83 So. R. 295, is cited in support of that proposition. In that case the writ of error was taken out nine months after the judgment, but only two months after the motion for a new trial was overruled.

The court said that the "entry in the minutes of the court makes the orders granting or denying new trials matters of record affording a means of determining when the judgment entered becomes final for the purpose of taking a writ of error." There was also some language in the opinion about motions for new trials being "determined, abandoned or otherwise disposed of."

Conceding that the plaintiff has it within his power to abandon a motion for a new trial, he may do so by implication. The case at bar presents an instance of abandonment of the motion by implication.

Counsel, believing that they had six months under the statute from the date when the motion for a new trial would be disposed of, decided to take the writ of error before that date. A thing they were not precluded from doing, for they could abandon the motion for a new trial and take the writ within six months from the date of the entry of the judgment. Having done that it is presumed such was their purpose.

Their treatment of the case was in all respects consistent with such purpose because they briefed it upon its merits, procured a bill of exceptions and argued the case orally upon

the facts after the case had reposed here for a year and four months, during all of which time counsel for the plaintiffs in error made no suggestion to this Court of the point which he now raises.

We treat the matter as if the motion for a new trial was abandoned and that the writ was taken in due course within six months after the judgment was entered.

Petition denied.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, C. J., AND BUFORD, J., concur in the opinion and judgment.