Separate suits by Horace J. Allen and others, and by W.W. Nevins and others, against the Town of Largo and others for injunctions restraining assessment of the plaintiffs' lands for the payment of bonded indebtedness of the city. From adverse decrees, the plaintiffs separately appeal.
Orders in accordance with opinion.
These appeals have been submitted together, so one decision will suffice for both.
The appellants, whose bills were dismissed by the chancellor upon consideration of the testimony, have presented several questions, the first two dealing with the matter of procedure in the lower court with reference to the presentation of testimony in rebuttal to that offered by the appellees. They complain against a series of delays which they say resulted in their being precluded from introducing testimony to refute that of the appellees. The only place in the record where these circumstances are detailed is in a petition for rehearing. Although dehors the record and consisting of conversations among counsel, chancellor, and chancellor's secretary, we assume that, under the rule (Section 70 of the Chancery Act, F.S.A. § 63.70), appellants had the right to present them in this manner, the petition having been verified. We have not explored the matter, however, for the simple reason that instead of pressing for a ruling on the petition for rehearing the appellants filed a notice of appeal to this court, and this, we hold, amounted to an abandonment of the petition.
It is true that in their brief appellants have attempted to excuse their failure to get a ruling on the petition for rehearing by asserting that they were unable to secure an appointment with any of the chancellors, but it is only in the brief that we find such an explanation, and since there was no basis for it in the record, the position has no foundation in this court.
In fine, on this phase of the case we decide that representations appearing in the petition for rehearing that the cause was prematurely decided should not debar a decision by this court on the merits, as the petition containing them was abandoned, and that the failure to secure a ruling *Page 550 
on the petition is nowhere in the record properly explained.
In their bills of complaint the appellants sought permanent injunction against the Town of Largo to restrain its assessment of their lands for the payment of the bonded indebtedness of the city. It was alleged that all their lands were located within the City of Largo as it was established by Chapter 10761, Sp.Laws of Florida 1925, but were now outside the limits of the town as defined in the charter granted by the legislature in Chapter 6715, Sp.Laws of Florida 1913. It was charged that the lands were by nature rural, hence not susceptible of municipal benefits at the time of the passage of Chapter 10761, supra, had not been improved, and had received no municipal benefits.
Before proceeding further with a discussion of the merits of the instant case it seems wise to review briefly the history of litigation in this court dealing with the status of the Town or City of Largo and the bonds issued by the municipality.
By Chapter 10761 of the Sp.Laws of Florida 1925, the corporate limits were greatly expanded, and the community promoted from a town to a city. In the case of State ex rel. Davis et al. v. City of Largo, 110 Fla. 21, 149 So. 420, 421, this court, in an opinion written by Koonce, Circuit Judge, and adopted by a majority of the court, decided that unquestionably the legislature had the authority under Section 8 of Article VIII of the Constitution, F.S.A., to establish municipalities and enlarge their boundaries, but that in exercising such power the paramount purpose should be the benefit to inhabitants from such action rather than the "indiscriminate location of territory" without regard for the people living in it. So, it was said, thinly settled rural areas and wild and unimproved property were not ordinarily of the kind intended to be incorporated in a city. Pursuing this thought, the court concluded that the said Chapter 10761 (and 10760) had extended to such extreme degree the territory of the Town of Largo that the measure offended against the Constitution, and the lower court was ordered to enter a judgment of ouster against the respondent-city from the entire added area. It is important to note here that this particular case was one in quo warranto by the Attorney General and certain co-relators, who were property owners, against the city.
In the interim between the enactment of Chapter 10761 (and 10760) and the decision in the case of State ex rel. Davis et al. v. City of Largo, supra, declaring them unconstitutional, bonds were issued and delivered by the City of Largo for municipal improvements, and eventually the owner of some of these obligations which had become past due filed suit for declaratory decree adjudicating the rights of the bondholders to remuneration from taxes assessed against the property in the territory which had been excluded by reason of the decision that the acts incorporating that territory into the city were unconstitutional, or, to state it otherwise, were void from their inception.
This situation was thoroughly discussed by Mr. Justice Terrell, writing for the court, in the case of Richmond v. Town of Largo,155 Fla. 226, 19 So.2d 791, 795. After giving the background of the litigation and the effect upon the bonds of the decision in State ex rel. Davis et al. v. City of Largo, supra, he stated in detail the respective positions of bondholder and property owner, particularly pointing out that a large part of the money received from the former had been actually spent to construct improvements within the territory eventually excluded.
It was stated in the opinion that the judgment of ouster was an adjudication that the legislature had abused its power when it undertook to annex to the town a broad area of land essentially rural, but that it was not a holding that all the lands within the area were so unsusceptible of municipal benefits as to escape taxation for retirement of bonds issued while the lands were "by a prima facie presumptively valid statute annexed to the municipality." We held in the cited case that there could be no question that the bondholder was entitled to hold the town responsible for the obligation and that the property outside the town but within the city — that is, in the excluded area — was prima facie liable for the debt. The latter statement was qualified by the pronouncement that *Page 551 
there might be some land holders whose property had been illegally brought into the city who could, because of the very nature of their property, resort to injunction "against the tax officials when levy and collection of taxes is attempted." City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837. It was indicated in the opinion in the case of Richmond v. Town of Largo, supra, that in suits brought by property owners to have the point decided, the bondholder might be entitled to a levy against such property in the disputed area as was reasonably susceptible of benefits from being within the city and from the plan of construction to execute which the bonds were issued. The court observed that in determining what lands should fall in this class, the trial court would "doubtless be guided by conditions existing during the period of the incorporation * * * and the expenditure of the bond proceeds rather than by conditions shown to exist at a prior or subsequent time." Moreover the court said in that opinion that if it were determined in such a suit that the lands outside the town but inside the city "were benefited or were reasonably susceptible to benefits * * * the court would undoubtedly deny parties invoking the remedy the relief sought and would require such lands to be assessed upon a just and uniform basis for their proportionate share of the debt, in conformance with constitutional principles."
Thus the so-called "de facto rule" would obtain, and the officials of the town would levy and collect taxes on that part of the land without the town but within the city (in addition to the property within the town proper) which was benefited or reasonably susceptible of benefit from the expenditure of the bonds as well as from being a part of the municipal territory.
Parenthetically, in the case of City of Sarasota v. Skillin, supra, the court held that a property owner in a municipality could challenge the validity of an act enlarging its territory in a suit to enjoin the collection of municipal taxes.
We said at the outset that this suit was one for that purpose, and in judging the merits of the appellants' position we shall determine whether or not, at the time of the passage of Chapter 10761 and the expenditure of the bond proceeds, the lands of the various appellants in the two cases under consideration did or could receive advantage from their location within the city and the translation of the proceeds of the bonds into public improvements.
In his final decree the chancellor found that the property involved was in the same category as that belonging to Margaret W. McLaughlin, one of the intervenors in the case of Town of Largo v. Richmond, 157 Fla. 837, 26 So.2d 900. The same chancellor had held that land of that intervenor should not be relieved of responsibility for the tax burden, and this court affirmed his findings. Anchoring his opinion in the present controversy to the conclusion he had reached in the former one, affirmed by this court, he decided that the properties lying north of the limit of the Town of Largo, south of the limit fixed in Chapter 10761, supra, east of the right of way of the Seaboard Air Line Railroad, and west of the tracks of the Atlantic Coast Line Railroad, with the exception of a certain unplatted tract, should be held to pay a proportionate part of the bonded indebtedness. Upon the testimony he heard, he found that much of the proceeds of the bonds had been used to install improvements in that area.
Much, if not most, of the testimony taken in the instant case related to the situation that has obtained in the region within the last few years, the municipal benefits now available to property owners, and the services in some instances being actually received by them. This evidence serves no useful purpose because we are not concerned with a suit to exclude property from the city. Indeed it was excluded long ago when the act incorporating it was held unconstitutional. No tax is now levied for such services as the city furnishes, but only to retire the bonds. We repeat that in the decision in Richmond v. Town of Largo, supra, the court strongly indicated that further decisions on the propriety of the levy of taxes to retire bonds should be influenced by the conditions extant during the period of the incorporation of the City of Largo and the *Page 552 
expenditure of the bond proceeds, circa 1925, not by those conditions at a later time.
We think the appellants are correct in their contention that the properties of some of them lie outside the territory which the chancellor defined in his final decree, that the chancellor inadvertently failed to adjudicate the claims with reference to those lands. In this situation it is only fair that the appellants who owned these omitted properties be given the opportunity of applying to the chancellor for a final decree determining their rights, as to taxation of those lands, under the issues formed by the bill of complaint and the answer and upon the testimony already taken and such additional testimony as the chancellor shall see fit to permit them to introduce.
With this exception, we find no occasion to disturb the decision of the chancellor; so it is affirmed, with directions to hear and determine the issues affecting properties not included in the limits described in the final decree which we are presently reviewing.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur.