THORNAL, Justice.
The appellant Lewis Bredin, who was plaintiff below, seeks reversal of a final decree awarding alimony, costs, and suit money to the appellee, Natalie Berthold Bredin, who was defendant below.
We are confronted with the appellee’s motion to dismiss the appeal based on the appellant’s failure to pay the court costs assessed against him.
Three aspects of this troublesome matter have heretofore been considered by us in: 89 So.2d 353, 61 A.L.R.2d 942; 89 So.2d 357; and 103 So.2d 879. After our last opinion the matter was further considered by the Chancellor. He entered an interlocutory order, the effect of which was to direct the parties to appear before him in person if they desired to offer additional testimony. The appellant filed an interlocutory notice of appeal assaulting that order. Thereafter the Chancellor entered the final decree which is now under attack. By that decree he awarded various sums to the appellee-wife for alimony and support money, as well as accrued de *266 linquencies in the payment of temporary alimony. By the decree the Chancellor assessed the costs against the appellant. The amount of the costs was specified. The situation presented to us reveals that the interlocutory order has now merged in the final decree. The appellant has filed his notice of appeal and has assigned as one of the errors the taxation of costs against him. However, he has failed to supersede the order assessing costs and, of course, has not paid them. The ap-pellee-wife has moved to dismiss the appeal stating as the basis for the motion that the appellant has failed to comply with Section 59.09, Florida Statutes 1959, F.S.A. and Rule 3.2, subd. f, Fla. Appellate Rules, 31 F.S.A.
The appellant Lewis L. Bredin instituted the litigation by the filing of his complaint for divorce. Nevertheless, he contends here that when the Chancellor granted the relief claimed by the appellee on her counterclaim the appellant ceased to be the “original plaintiff”, upon whom the statute and rules imposed the responsibility of paying the costs assessed against him as a condition to appeal.
The appellee simply contends that the statute and rule are clear; that the appellant has failed to meet the requirements and that his appeal is subject to dismissal.
Section 59.09, Florida Statutes, F.S.A., provides: “No appeal may be taken by the original plaintiff in any suit or proceeding until he shall pay all costs which have accrued, in or about the suit, up to the time the appeal is taken.” (Emphasis added.) This statute is supplemented by Rule 3.2, subd. f, Florida Appellate Rules, which reads as follows :
“f. Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in or about the suit, and have been specifically taxed against him, up to the time the appeal is taken; provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he was assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same.”
We have several times held that the failure to comply with requirements of the statute and rule will justify a dismissal of an appeal. See O’Connell v. Mason, Fla.1957, 93 So.2d 71; Spector v. Ahrenholz, Fla.App.1958, 99 So.2d 714. This is the rule which we have consistently followed in the absence of a waiver by the appellee. No waiver is here present. Berg v. New York Life Insurance Company, Fla.1955, 81 So.2d 630.
In defense against the motion to dismiss the appellant points out that although he instituted the instant litigation he has long since ceased to be the movant. He submits that the relief granted by the decree under assault was pursuant to the prayer of his wife’s counterclaim. He takes the position that he no longer is an “original plaintiff”, upon whom the statute and rule impose the burden of paying costs as a condition to an appeal.
We are unable to agree with the position taken by the appellant. Both the statute and rule unequivocally refer to “the original plaintiff”. In our view, this simply means the party who originates or institutes the law suit by the filing of the complaint. We think we have disposed of the contention of the appellant here by our opinion in Bower v. Bower, Fla.1952, 55 So.2d 797. We there held that a counterclaimant who had been denied relief in a divorce proceeding did not by the filing of his counterclaim become an “original plaintiff”, subject to the requirements of the cited statute and rule. The effect of Bower v. Bower, supra, simply is that the party who originates the litigation by the filing of the complaint remains the “original plaintiff”, insofar as the application of the statute and rule are concerned.
*267 We are, therefore, compelled to agree with the position of the appellee and in so doing we must grant her motion to dismiss the appeal.
The motion to dismiss is granted and the appeal is dismissed.
It is so ordered.
TERRELL, C. J., and THOMAS, HOB-SON and O’CONNELL, JJ., concur.