114 So.2d 329 (1959)
Anne FRANK, Appellant,
v.
PIONEER METALS, INC., a Florida corporation, Appellee.
No. 59-349.
District Court of Appeal of Florida. Third District.
September 10, 1959.
Frank & Weston, Miami Beach, for appellant.
George Cheren, Miami, for appellee.
PER CURIAM.
The appellee has moved to dismiss this appeal on the ground that at the time the notice of appeal was filed there was pending in the court below a petition for rehearing, and therefore, under the provisions of Rule 1.3, Florida Appellate Rules, 31 F.S.A., the decree could not be considered as rendered. Rule 1.3, supra, in part provides:
"Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of."
The appellee's motion, as well as other proceedings in this court, disclosed that a final decree in chancery was entered on April 17, 1959. A petition for rehearing was filed by the appellant on April 24, 1959, directed to the aforesaid decree, and for aught that appears, was timely filed under the provisions of Rule 3.16, Florida Rules of Civil Procedure, 31 F.S.A. Notice of appeal from the final decree of April 17, 1959, was filed on June 16, 1959.
The appellee's motion is based upon the proposition that so long as the petition *330 for rehearing remains pending and undisposed of, no appeal from the final decree would lie; however, we feel that inherent in the question raised by the appellee's motion is the effect of the appellant's action in filing the notice of appeal. Florida Appellate Rule 1.3 in effect tolls the time for the taking of an appeal from a judgment, decision, order or decree, where there is pending in said cause a timely and proper motion or petition for new trial, rehearing or reconsideration, but does not specifically or by implication prohibit an appeal within the prescribed time from a judgment or decree where such motion or petition is pending.
Our research discloses only one opinion of the Supreme Court of Florida dealing specifically with a factual situation similar to the present case. In Allen v. Town of Largo, Fla. 1949, 39 So.2d 549, the appellants' bill had been dismissed by the chancellor upon consideration of testimony. A petition for rehearing was directed to the order of dismissal, under the then existing rule, which complained of a series of delays allegedly resulting in the appellants' being precluded from introducing testimony to refute that of the appellees. Without obtaining a ruling on the petition for rehearing, the appellants filed a notice of appeal. On the appeal, the appellants sought to excuse their failure to obtain a ruling on their petition for rehearing, asserting that they were unable to secure an appointment with the chancellor. Under these circumstances, the Supreme Court, speaking through Mr. Justice Thomas, said:
"We have not explored the matter, however, for the simple reason that instead of pressing for a ruling on the petition for rehearing the appellants filed a notice of appeal to this court, and this, we hold, amounted to an abandonment of the petition."
The rule of abandonment has also been applied on appeals from judgments in common-law actions. See McClellan v. Wood, 78 Fla. 407, 83 So. 295, 296, and Hopkins v. Rollins, 97 Fla. 615, 123 So. 5.
Since the Florida Appellate Rules do not prohibit the taking of an appeal from a final judgment or decree within the limits prescribed, we therefore conclude, as did the Supreme Court of Florida, that the filing of a notice of appeal prior to obtaining a decision upon the petition for rehearing was in effect an abandonment of such petition. The notice of appeal appears to have been filed within the sixty-day period prescribed by the rules.
Contrary to the established practice of this court, we have written an opinion in connection with a motion to dismiss an appeal. We have done so because of the novelty of the question involved and with the view that it may be of service to the Bench and Bar.
Accordingly, the motion to dismiss is denied.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.