117 So.2d 5 (1960)
Charles GUARRIA and Helen Guarria, Teresa Picchi, Arthur Calore and Rose Calore, Walter M. Turnham and Eunice O. Turnham, Byrd V. Duke, Jr., and Paul H. Laufer, Ely Well and Edith Well, Elias A. Held and Louise Held, Lester M. Barlow and Beryl B. Barlow, Zelmer F. Griner and Odessa J. Griner, Appellants,
v.
STATE ROAD DEPARTMENT OF FLORIDA, an Agency of State of Florida, Appellee.
No. 59-329.
District Court of Appeal of Florida. Third District.
January 11, 1960.
Rehearing Denied January 21, 1960.
Duke & Laufer, Miami, for appellants.
Clyde G. Trammell, Jr., Tallahassee, for appellee.
HORTON, Chief Judge.
This is an appeal by several defendants from a judgment in eminent domain proceedings instituted by the appellee for the taking of certain lands for a limited access facility.
*6 Two questions are posed by the appellants in this appeal, namely: (1) is the destruction or damage to a business of more than five years' standing compensable under § 73.10(4), Fla. Stat., F.S.A., where the land upon which the business is located is being condemned in its entirety? and (2) were the attorneys' fees awarded by the jury to the attorneys for the defendants grossly inadequate and unreasonable?
As to the first question posed, we consider the rule to be well settled that "* * * where the suit is by a governmental agency for the condemnation of a right of way, and the effect of the taking is to injure or destroy an established business of more than five years standing owned by the party whose lands are being taken, located on adjoining, adjacent, or contiguous lands owned by such party, the jury must consider the probable effect the use of such property may have on the business, and assess, in addition to the amount awarded for the taking, the probable damages to such business which the use of the property may reasonably cause." 12 Fla.Jur., Eminent Domain, § 100. We do not consider the applicable statutes to require the award of damages for a going business of five years or more to be severable from the damages to be awarded for the condemnation of the real property where the effect of the condemnation is to destroy the business by reason of an entire taking of both the business and the land.
On the second question, the record discloses that notice of appeal was filed on June 5 from the judgment rendered on May 8, 1959. After the notice of appeal had been filed from the final judgment, a ruling was made by the trial judge on the appellants' motion for new trial as evidenced by an order dated June 12, 1959. Although the record does not contain the motion for new trial, we must presume that the recitation contained in the trial judge's order of June 12, 1959, as to the filing of such motions by the appellants is correct. Upon the state of the record before this court, we are constrained to point out that the question of the alleged inadequacy of the attorneys' fees awarded by the jury cannot be reviewed. The filing of the notice of appeal on June 5, 1959, prior to the entry of the trial judge's order denying the motion for new trial, constituted in law an abandonment of the motion for new trial. See Frank v. Pioneer Metals, Inc., Fla.App. 1959, 114 So.2d 329, 330. Further, we point out that in order to obtain a review on appeal of the question of inadequacy or excessiveness of a verdict, there must be presented to the trial judge a motion for new trial containing such ground, a ruling thereon adverse to the movant, as well as an assignment of error directed to the court's action in denying the motion for new trial upon that ground. See Red Top Cab & Baggage Company v. Grady, Fla.App. 1958, 99 So.2d 871, p. 873.
Accordingly, the judgment appealed from should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.