121 So.2d 689 (1960)
Rose SEIFERTH, Appellant,
v.
Russell J. SEIFERTH, Appellee.
No. 60-246.
District Court of Appeal of Florida. Third District.
June 30, 1960.
Robert E. Rutledge, Jr., Miami, for appellant.
W.F. Esslinger, Jr., and Nestor Morales, Miami, for appellee.
*690 PEARSON, Judge.
The appellee moves to dismiss this appeal upon the ground that at the time of the filing of the notice of appeal, by the appellant-defendant, the final decree appealed had not been rendered within the meaning of Rule 1.3, F.A.R., 31 F.S.A. The appeal is dismissed.
The final decree was recorded March 23, 1960. The plaintiff-appellee filed a timely and proper petition for rehearing. This petition was denied by an order dated May 6, 1960. Defendant-appellant filed her notice of appeal that same day. The order denying plaintiff-appellee's petition for rehearing was filed and recorded May 10, 1960.
The rule above cited provides:
"* * * Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of."
It has been held previously that where an appellant files a notice of appeal prior to the disposition of his petition for rehearing, he shall be deemed to have abandoned the petition, and the appeal may proceed. Allen v. Town of Largo, Fla. 1949, 39 So.2d 549; Frank v. Pioneer Metals, Inc., Fla. App. 1959, 114 So.2d 329.
In the instant appeal, the appellant cannot be said to have waived the appellee's motion, because to do so would allow an appellant to deprive an appellee of a ruling, and the incidental right to cross-assign the ruling upon the petition as well as the trial court's right to reconsider the decision in the light of the petition. This is true because when jurisdiction of the appellate court attaches upon the filing of the notice of appeal, it is exclusive as to the subject covered by the appeal. Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126.
The remaining question is whether appellee's petition for rehearing was, under the language of the rule, "disposed of." We think not because an order becomes a part of the record only when delivered to the clerk. Young v. Victory, 112 Fla. 66, 150 So. 624. Its reduction to writing and filing thereof is for the purpose of providing a predicate for appeal. Wheeler Fertilizer Co. v. Rogers, Fla. 1950, 49 So.2d 83.
This appeal is therefore dismissed and a new appeal may be perfected after the petition for rehearing has been disposed of upon the return of this cause to the Circuit Court.
It is so ordered.
HORTON, C.J., and CARROLL, CHAS., J., concur.