PER CURIAM.
The appellant has moved this court for an order remanding jurisdiction of the cause to the Juvenile & Domestic Relations Court of Dade County. Oral argument was had on the motion to remand.
Procedural steps preceding the appellant’s motion to remand are as follows : On May 4, 1962, the appellant filed a notice of appeal to this court from an order of the Juvenile & Domestic Relations Court of Dade County, dated April 25, 1962, changing the custody of certain minor children. Subsequent to the entry of the order of April 25, 1962, from which this appeal is prosecuted, and prior to the filing of the notice of appeal on May 4th, the appellant had filed a petition for rehearing directed to the order appealed. A hearing was had before a judge of the Juvenile & Domestic Relations Court of Dade County, and it was determined that a decision would or could not be rendered on the petition for rehearing until on or about May 7, 1962. The appellant then concluded that, in view of the requirement that appeals from orders of the Juvenile & Domestic Relations Court must be prosecuted within ten days after the entry of the order, and in view of the fact that there was alleged no known provision existing, either by statute or in the Florida Rules of Civil Procedure, 30 F.S.A., for the filing of a petition for rehearing to an order of the Juvenile & Domestic Relations Court, the no *657 tice of appeal should be filed. Subsequent to the filing of the notice of appeal, the appellant filed a motion to remand jurisdiction of the cause back to the Juvenile & Domestic Relations Court so that court could render a decision on the petition for rehearing which had theretofore been orally argued.
1. The general rule as set forth in Allen v. Town of Largo, Fla.1949, 39 So.2d 549, is that the filing of a notice of appeal constitutes an abandonment of a pending petition for rehearing in a chancery proceeding. This view has likewise been followed by this court in Frank v. Pioneer Metals, Inc., Fla.App.1959, 114 So.2d 329, and Seiferth v. Seiferth, Fla.App.1960, 121 So.2d 689. Assuming, without deciding, that a petition for rehearing could have appropriately been filed to the order appealed, nevertheless the filing of the notice of appeal would, we conclude, constitute an abandonment of such petition.
íhe appellant’s motion, as well as the oral argument by both counsel before this court, brought out the fact that one of the purposes of the petition for rehearing was to adduce newly discovered evidence with respect to certain alleged false testimony given by a witness prior to the rendition of the order appealed. We consider the appellant’s motion to remand jurisdiction of the cause to the Juvenile & Domestic Relations Court as a request for leave to file a petition before that court in the nature of a petition for writ of error coram nobis. See Deauville Realty Co. v. Tobin, Fla.App.1959, 111 So.2d 743, and Deauville Realty Co. v. Tobin, Fla.App.1960, 120 So.2d 198. Considering the present motion to encompass such a request because of the nature and substance of the allegations, it is granted. Jurisdiction of this cause is relinquished by this court and remanded to the Juvenile & Domestic Relations Court with permission granted to appellant to file an appropriate petition in that court in the nature of a petition for writ of error coram nobis to be considered and acted upon by the Juvenile & Domestic Relations Court as the circumstances, evidence and law may require. All appellate proceedings in this court are hereby stayed and the Juvenile & Domestic Relations Court is requested to forward to this court a certified copy of its order upon an adjudication of the petition to be filed as hereinabove • indicated.
It is so ordered.