144 So.2d 853 (1962)
Forrest L. BANNISTER and Pattie R. Bannister, Appellants,
v.
Deane Loes HART, Jr., and Publix Super Markets, Inc., a Florida Corporation, Appellees.
No. 3004.
District Court of Appeal of Florida. Second District.
August 15, 1962.
Donald G. MacKenzie and Dan G. Wheeler, Jr., Miami, and Hosemann & Miller, Cocoa Beach, for appellants.
Hale Baugh and Roger F. Dykes, Shepard & Dykes, Cocoa, for appellees.
ALLEN, Acting Chief Judge.
The appellants, who were the plaintiffs below, appeal from a final judgment based on a jury verdict for the appellees, defendants below.
A motion to dismiss this appeal, filed by the appellees, was heard on motion calendar and carried over until the appeal proper was argued before this court.
We shall grant the motion to dismiss the appeal so it is unnecessary to pass upon the merits of the appeal.
Final judgment was filed on September 12, 1961. Motions for new trial and judgment n.o.v. were filed on June 13, 1961. No order was filed passing on the two motions prior to the final judgment which was filed on September 12, 1961. Appellants filed their notice of appeal in prior case No. 2896 on November 6, 1961, and, upon motion of appellees, this court dismissed *854 that appeal on December 20, 1961, on the grounds urged by the appellees. The appellants had failed to satisfy or assign as error and supersede the cost judgment entered against them in the cause.
Thereafter, on January 2, 1962, the lower court, upon motion of appellants, entered a written order denying appellants' motion for a new trial previously filed on June 13, 1961. This appeal was filed January 8, 1962.
Appellees moved to dismiss the instant appeal on the grounds that this court is without jurisdiction to entertain it. They allege that the lower court, in entering the first judgment on September 12, 1961, had before it appellants' post-verdict motions and denied them, though not in writing, and that the time within which an appeal could be brought began to run on said date, thus rendering the instant notice of appeal, filed January 8, 1962, untimely. In support of this contention, appellees state that the assignments of error filed in the previous appeal (No. 2896) and in the instant appeal show on their face that the lower court ruled on and denied appellants' post-verdict motions at the time of the final judgment and that the time for taking an appeal was therefore not tolled.
We hold that the appellants, by taking an appeal from the final judgment prior to the entering of a written order on their motions for new trial and judgment n.o.v., abandoned their said motions. Therefore, the written order, entered by the lower court on January 2, 1962, denying the motion for a new trial was a nullity and the second notice of appeal filed on January 8, 1962, was not taken within sixty days of the final judgment entered on September 12, 1961.
In Seiferth v. Seiferth, Fla.App. 1960, 121 So.2d 689, the Third District Court of Appeal held that the reduction to writing and filing of the order denying the appellee's petition for rehearing in the lower court was an essential predicate to the appellant's notice of appeal.
The court stated at page 690:
"It has been held previously that where an appellant files a notice of appeal prior to the disposition of his petition for rehearing, he shall be deemed to have abandoned the petition, and the appeal may proceed. Allen v. Town of Largo, Fla. 1949, 39 So.2d 549; Frank v. Pioneer Metals, Inc., Fla.App. 1959, 114 So.2d 329."
The court then went on to note that the abandonment theory was inapplicable to the case before it in that an appellant cannot be said to have waived an unadjudicated motion filed in the lower court by the appellee because such would allow an appellant to deprive an appellee of a ruling and the incidental right to cross assign error. The result in this case was that the appeal was premature but could again be brought after the lower court ruled on the pending petition.
In Frank v. Pioneer Metals, supra, also before the Third District Court of Appeal, the appellee had moved to dismiss the appeal on the ground that at the time the notice of appeal was filed there was pending in the lower court a petition for rehearing and therefore the final decree could not be considered as rendered under Appellate Rule 1.3, 31 F.S.A. The court observed that said rule, in effect, tolls the time for taking an appeal when there is pending a timely petition for rehearing, motion for new trial, etc., but that it does not specifically or by implication prohibit an appeal within the prescribed time from a judgment or decree when such a motion or petition is pending. Citing the Supreme Court's opinion in Allen v. Town of Largo, Fla. 1949, 39 So.2d 549, supra, the Court held at 114 So.2d 330:
"Since the Florida Appellate Rules do not prohibit the taking of an appeal from a final judgment or decree within *855 the limits prescribed, we therefore conclude, as did the Supreme Court of Florida, that the filing of a notice of appeal prior to obtaining a decision upon the petition for rehearing was in effect an abandonment of such petition. The notice of appeal appears to have been filed within the sixty-day period prescribed by the rules."
The Court then denied the appellee's motion to dismiss. The result was that the appellant's appeal was "salvaged" and heard on the merits.
Of like effect is Guarria v. State Road Department of Florida, Fla.App. 1960, 117 So.2d 5, also decided in the Third District. In Guarria, after notice of appeal had been filed from the judgment, a ruling was made by the trial judge on appellant's motion for new trial. Apparently, the appellee was not attacking the appeal as being premature. The Court held that the filing of the notice of appeal prior to the entry of the order denying the motion for new trial constituted, in law, an abandonment of the motion for new trial, citing Frank v. Pioneer Metals, Inc., supra. This ruling was addressed to appellant's point on appeal involving the question of the adequacy of a condemnation verdict. The court pointed out that in order to appeal the inadequacy of a verdict, the lower court must have first been presented with a motion for new trial containing such a ground and must have ruled on said motion adversely to the movant. Also, an assignment of error must then have been directed to the court's action in denying the motion for new trial upon that ground. The result in Guarria was that the appeal was heard on the merits and disposed of by affirmance.
The First District Court of Appeal, in the case of King v. Jacksonville Coach Co., Fla.App. 1960, 122 So.2d 480, and also in the case of McCloskey v. Louisville & Nashville Railroad Co., Fla.App. 1960, 122 So.2d 481, may seem to be at variance with cases decided in the Third District and in the Supreme Court. However, it will be seen in both the King and McCloskey cases, supra, that the pending motion in the lower court which permitted the cause to remain alive had been made by the appellee. Thus, in neither of these cases could the notice of appeal filed by the appellant have operated as an abandonment. Under the rationale of the abandonment cases, notice of appeal only waives pending motions if said motions have been made by the appellant. Seiferth v. Seiferth, supra; Allen v. Town of Largo, supra; Frank v. Pioneer Metals, Inc., supra; Guarria v. State Road Department of Florida, supra. As was stated in Seiferth v. Seiferth at 121 So.2d 690:
"In the instant appeal, the appellant cannot be said to have waived the appellee's motion, because to do so would allow an appellant to deprive an appellee of a ruling, and the incidental right to cross-assign the ruling upon the petition as well as the trial court's right to reconsider the decision in the light of the petition. This is true because when jurisdiction of the appellate court attaches upon the filing of the notice of appeal, it is exclusive as to the subject covered by the appeal. Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126."
In the prior appeal connected to the instant case, the two motions on which no written order had been issued, and which were, therefore, assumedly left pending, had been filed by the appellant. Thus, the prior appeal in the instant case approximates the "abandonment" cases. Allen v. Town of Largo, supra; Frank v. Pioneer Metals, supra; Guarria v. State Road Department of Florida, supra.
In the recent case of Stupp v. Cone Brothers Contracting Co., Fla.App. 1961, 135 So.2d 457, decided by this court in an opinion by Judge Kanner, we were confronted with a similar problem. Final judgment was entered for defendant on August 31, 1960. Thereafter, on March 20, 1961, the trial judge, having before him *856 plaintiff's alternative motions for judgment n.o.v. and for new trial, denied the motion for new trial but did not rule on the motion for judgment. Notice of appeal was filed May 8, 1961, but was directed solely to the order denying motion for new trial, a non-appealable order, and the appeal was therefore dismissed by this court on June 20, 1961.
Meanwhile, plaintiff's counsel called the trial judge's attention to the fact that the order denying the motion for new trial did not comprehend the motion for judgment. A hearing was held on the matter and the trial judge, on June 16, 1961, entered an order denying plaintiff's motion for judgment nunc pro tunc, as of March 20, 1961. Three days later, on June 19, 1961, plaintiff filed her second notice of appeal. The appeal was attacked on motion to dismiss as not being timely  within 60 days of the disposal of all outstanding motions (nunc pro tunc) on March 20, 1961. This court rejected the nunc pro tunc effect of the order of June 16, 1961, and ruled that the pendency of the motion for judgment operated to toll the time within which an appeal could be brought until it was, in fact, disposed of on June 16, 1961, thus rendering the second appeal timely. Thus, in Stupp, the first abortive appeal taken from a non-appealable order did not constitute an abandonment of plaintiff-appellant's pending motion for judgment and the second appeal was permitted after the pending motion was ruled on by the lower court.
There is, however, this distinction between the Stupp case and the instant case. In Stupp, this court never acquired jurisdiction of the first appeal since that appeal was taken from a non-appealable order (order denying motion for new trial). In the instant case, however, the first appeal was dismissed on a non-jurisdictional question. In other words, the failure of an appellant, as original plaintiff below, to satisfy or assign as error and supersede a cost judgment is a procedural defect that may be waived by an appellee and does not foreclose appellate jurisdiction. Funke v. Federal Trust Co., Fla.App. 1958, 99 So.2d 636; Simmons v. Gainesville Nehi Bottling Co., Fla.App. 1960, 119 So.2d 719; Bredin v. Bredin, Fla. 1959, 111 So.2d 265.
Thus, it appears that the first appeal in the instant case, which was dismissed on non-jurisdictional grounds, amounted to an abandonment of appellants' two motions still pending in the lower court at the time said appeal was taken.
An order denying a motion for a new trial which is not reduced to writing, filed or recorded is not "disposed of" within the meaning of Appellate Rule 1.3. Seiferth v. Seiferth, (121 So.2d 689) supra. However, an appellant who perfects an appeal jurisdictionally is deemed to have waived or abandoned his own motion for a new trial which has not been disposed of prior to the filing of notice of appeal. Allen v. Town of Largo, 39 So.2d 549 supra; Frank v. Pioneer Metals, 114 So.2d 329 supra; Guarria v. State Road Department of Florida, 117 So.2d 5 supra.
Applying this conclusion to the instant case, the "rendition" of final judgment occurred on September 12, 1961, since the notice of appeal directed to said judgment and filed on November 6, 1961, constituted a waiver or abandonment of appellants' two outstanding motions. The subsequent entry on January 2, 1962, of a written order by the lower court denying the motion for new trial was of no effect and this court is without jurisdiction to entertain the second appeal filed January 8, 1962, since it was filed more than 60 days from the final judgment rendered on September 12, 1962.
The appeal is therefore dismissed.
KANNER and WHITE, JJ., concur.