PER CURIAM.
This matter is before us on a motion by the appellee to dismiss the appeal. Appel-lees contend the appeal is subject to dismissal because it was filed while a timely petition for rehearing was pending.
A summary final decree adverse to the appellants was rendered April 10, 1963. Two days later, on April 12, appellants filed a petition for rehearing. Three days thereafter, on April IS, appellants filed this appeal.[1]
In support of their motion to dismiss the appeal the appellees rely on Seiferth v. Seiferth, Fla.App.1960, 121 So.2d 689, in which it was held that an appeal by one party was not proper during pendency of a timely petition for rehearing which had been filed by an adverse party. That decision is of no force here, where both the petition for rehearing and the subsequent notice of appeal were filed by the same parties or “side.” In State ex rel. Owens v. Pearson, Fla.1963, 156 So.2d 4, recently decided by the Supreme Court, it was determined that an appeal filed within the 10-day period allowed for rehearing, but before any petition for rehearing has been filed, will not waive *662 the right to petition for rehearing, and that a timely petition for rehearing by a party will nullify his previously filed appeal. That case is not controlling or applicable here because in the instant case the petition for rehearing was filed first, and the appeal filed thereafter. Therefore, the rule to be applied in this case is that announced in a number of decisions to the effect that the filing of a notice of appeal by a party constitutes an abandonment of his previously filed undisposed of petition for rehearing. See Allen v. Town of Largo, Fla.1949, 39 So.2d 549; Frank v. Pioneer Metals, Inc., Fla.App.1959, 114 So.2d 329; Seiferth v. Seiferth, supra; Chambers v. Chambers, Fla.App. 1962, 143 So.2d 656.
For the reasons stated, the motion to dismiss the appeal should be and hereby is denied.
It is so ordered.

. Notwithstanding the filing of the appeal, the chancellor thereafter heard and denied the petition for rehearing, on April 19, 1963.