372 So.2d 952 (1979)
WINN-DIXIE STORES, INC., Appellant,
v.
Lillian CODOMO et al., Appellees.
No. 79-608.
District Court of Appeal of Florida, Third District.
June 11, 1979.
Vernis & Bowling and Andrew J. Anthony, Miami, for appellant.
Brumer, Cohen, Logan, Kandell & Redlus, Horton, Perse & Ginsberg and Edward A. Perse, Miami, for appellees.
Before PEARSON, KEHOE and SCHWARTZ, JJ.

OPINION ON MOTION TO DISMISS
PEARSON, Judge.
This appeal came before the court on the plaintiff-appellees' motion to dismiss the appeal as untimely. Because the motion affects our jurisdiction and the area dealt with is without clear precedent, we have determined to file this opinion. The question presented is whether a notice of appeal filed the day before an order denying post-trial motions is a timely notice when more than thirty days have expired from the date of the final judgment. The important dates are as follows: (1) December 20, 1978  jury verdict for the plaintiff entered; (2) December 27, 1978  defendant's post-trial motions filed, including motion for new trial, motion for remittitur and motion for judgment notwithstanding the verdict; (3) *953 January 2, 1979  final judgment on jury verdict entered; (4) March 26, 1979  hearing on post-trial motions held and court orally announces denial thereof; (5) March 26, 1979  defendant's notice of appeal filed; and (6) March 27, 1979  court signs and files order denying post-trial motions.
The plaintiff-appellees contend that upon filing the notice of appeal, the defendant-appellant abandoned its post-trial motions and that such abandonment was not affected by the subsequent order denying the post-trial motions.[1] The appellant contends that such an overly technical view of the circumstances and of this court's jurisdiction is not warranted by the more liberal view taken by the Supreme Court of Florida in Altman v. State, 328 So.2d 14 (Fla. 1976); and Williams v. State, 324 So.2d 74 (Fla. 1975). It appears that the rule on timeliness of appeal that applies in criminal cases is no different from the rule that applies in civil cases.[2] We, therefore, follow the reasoning of the Supreme Court of Florida in Williams v. State, supra, where the court said with regard to a notice of appeal filed prior to judgment:
* * * * * *
"Prior to the judgment, the notice of appeal shall not be effective to vest jurisdiction in the appellate court, but will allow the defendant to obtain supersedeas bond. At the time when the judgment and/or sentence is rendered (filed for recording) the notice of appeal shall be effective to vest jurisdiction in the appellate court. It must be noted that notice of appeal so filed (to obtain supersedeas before judgment is rendered) shall not be subject to dismissal either by motion of the parties or of the Court."
Accordingly, the motion to dismiss is denied.
SCHWARTZ, Judge (dissenting).
In my view, Altman v. State, 328 So.2d 14 (Fla. 1976) and Williams v. State, 324 So.2d 74 (Fla. 1975), which hold only that the premature filing of an appeal is not fatal, are not applicable because the notice of appeal in this case was filed after, rather than before the entry of the final judgment. While Fla.R.App.P. 9.020(g) provides that an order is not deemed rendered until the disposition of a timely filed post-trial motion, the defendant-appellant made that "disposition" impossible by abandoning its post-trial motions. It did so by filing, before the trial judge had reduced his ruling on the motions to writing, a notice of appeal which had the effect of ousting the lower court of jurisdiction to proceed. Banister v. Hart, 144 So.2d 853 (Fla. 2d DCA 1962) squarely so holds. See also Frank v. Pioneer Metals, Inc., 114 So.2d 329 (Fla. 3d DCA 1959); 3 Fla.Jur.2d, Appellate Review, § 130 (1978), and cases cited. Thus the final judgment must be deemed rendered merely upon "the filing of the signed, written order with the clerk ..." Fla.R. App.P. 9.020(g), without reference to the post-trial motions. Since that occurred on January 2, 1979 and the notice of appeal was filed more than 30 days thereafter, on March 26, 1979, I think we have no choice but to dismiss the appeal as untimely filed. Conceptually, the case is no different than if the defendant had filed timely post-trial motions, but abandoned them without a hearing by filing an appeal more than 30 days after a final judgment had been entered.
It is true that, certainly as applied to the facts of this case, this analysis would result in the dismissal of the appeal without a showing of any prejudice whatever to the opposing side. These considerations, however, are irrelevant to the issue of timeliness which, now alone of all questions of appellate procedure, see Fla.R.App.P. *954 9.040(h),[1] involves the jurisdiction of the court. I would grant the motion to dismiss.
NOTES
[1] See Bannister v. Hart, 144 So.2d 853 (Fla. 2d DCA 1962); and Frank v. Pioneer Metals, Inc., 114 So.2d 329 (Fla. 3d DCA 1959).
[2] * * *

"Rather, such a notice of appeal shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court." [emphasis added] Williams v. State, 324 So.2d 74, 79 (Fla. 1975).
[1] The Advisory Committee and Court's Commentary to this rule states

"Section (h) is intended to implement the decision in Williams v. State, 324 So.2d 74 (Fla. 1975), where it was held that only the timely filing of the notice of appeal is jurisdictional."