BERANEK, Judge.
The appellant/husband seeks reversal of a final judgment entered in a dissolution of marriage proceeding. The appellant elected to proceed in this contested dissolution matter without counsel. He failed to comply with the wife’s attempts at discovery and failed to appear at the final hearing. We conclude that the attack on the final judgment by appeal is without merit and affirm.
The case presents an initial jurisdictional problem. The final judgment was rendered November 30, 1978. Appellant moved for rehearing on December 11,1978. Before an order was entered on this motion for rehearing, the husband filed a notice of appeal on April 11, 1979. The appellee asserts this court is without jurisdiction to entertain the matter. Appellee argues that the notice of appeal constituted an abandonment of the motion for rehearing; thus the appeal was filed more than thirty days from November 30, 1978, the time at which the judgment became final. In support of this proposition, appellee relies on Bannister v. Hart, 144 So.2d 853 (Fla.2d DCA 1962), and the dissenting opinion in Winn-Dixie Stores, Inc. v. Codomo, 372 So.2d 952 (Fla.3d DCA 1979). The majority in Winn-Dixie Stores, Inc. v. Codomo, supra, stated the problem as follows:
The question presented is whether a notice of appeal filed the day before an order denying post-trial motions is a timely notice when more than thirty days have expired from the date of the final judgment.
The Third District, relying upon Williams v. State, 324 So.2d 74 (Fla.1975), held that the premature filing of a notice of appeal did not require dismissal. Conversely, the Second District held in Bannister v. Hart, supra, that a notice of appeal filed more than thirty days after the final judgment, but before the court’s ruling on post-trial motions, abandoned said motions, rendering-the appeal untimely. The dissent in Winn-Dixie Stores, Inc. v. Codomo, supra relies on the Bannister rationale and argues that abandonment of the post-trial motion results in the judgment’s being rendered in point of time as though no such motion had ever been filed.
Both the view in favor of and against jurisdiction are, at best, technical applications of technical rules of procedure. We conclude that the instant appeal is timely because the notice of appeal was filed within thirty days from the rendition of the final judgment as we construe the Rules of Appellate Procedure. Although the filing of a notice of appeal constituted an abandonment of the appellant’s pending motion for rehearing, we hold it did not result in an abandonment of the suspended time period which resulted from the pendency of the undecided motion. Both appellant and ap-pellee were entitled to rely upon the suspension of finality resulting from the pend-ency of the motion.[1]
Florida Rule of Appellate Procedure 9.020(g) defines “rendition” as follows:
(g) Rendition (of an order); the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or *1122 rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof. (Emphasis supplied.)
We construe appellant’s withdrawal or abandonment of the motion as a “disposition” resulting in a rendition of the judgment upon the filing of the notice of appeal. In Rice v. Doyle, 232 So.2d 163 (Fla.1970), the Supreme Court held that the filing of a motion for new trial by a non-appealing defendant destroyed the finality of the pri- or final judgment between the plaintiff and an appealing defendant who had not moved for new trial. We believe that if the appealing defendant in Rice had simply withdrawn his pending motion for new trial, the result would have been exactly the same. Equating abandonment with “disposition” is consistent with the overall intent and purpose of the rule and, we believe, actually required by Williams v. State, supra.
In Williams, the Court refused to dismiss an appeal instituted by a premature notice of appeal. The Court stated:
This rule [of non-dismissal] shall apply to such situations as when the defendant filed his notice of appeal:
1. After oral pronouncement of judgment, but before the judgment is reduced to writing and signed.
2. After the written judgment is signed, but before it is rendered (filed for recording).
3. After the written judgment is filed for recording, but before a post-trial motion is decided.
We believe that the third example listed above specifically governs the instant case.
Contrary to the views expressed in Bannister v. Hart, supra, and the dissent in Winn-Dixie Stores, Inc. v. Codomo, supra, we find the effect of abandonment of the pending motion for rehearing does not vitiate the motion’s effect on the finality of the final judgment. We therefore hold that disposition of a timely and proper motion for rehearing occurs upon the trial court’s ruling thereon or upon abandonment of the motion by the moving party’s filing of a notice of appeal. Disposition might also occur upon the formal withdrawal of a ■pending motion for rehearing. We conclude that the appeal herein was timely and that this court has jurisdiction.
We have considered the matter on the merits and find appellant has failed to demonstrate error. The final judgment is therefore affirmed.
AFFIRMED.
LETTS, C. J., and MOORE, J., concur.

. Were it otherwise, neither party to a dissolution proceeding could appeal where one party abandoned or withdrew a timely motion for rehearing more than thirty days after the final judgment. Both sides may be equally unhappy with a judgment and desirous of appealing. Abandonment of a post-trial motion by one should not destroy jurisdiction for an appeal by the other party who sat by waiting for final rendition of the judgment.