DANIEL S. PEARSON, Judge.
Concluding that we are without jurisdiction, we dismiss Marban’s appeal.
On July 8, 1982, the trial court entered a final order forfeiting the subject vehicle upon a finding that the vehicle had been used in a drug trafficking operation with the knowledge and consent of its owner, Marban. Marban timely moved for rehearing, but while that motion was pending in the trial court, filed a notice of appeal. Upon the filing of this notice of appeal on July 30, 1982, Marban’s rehearing motion was effectively abandoned, and the trial court lost jurisdiction of the case. Allen v. Town of Largo, 39 So.2d 549 (Fla.1949); Kasper Instruments, Inc. v. Maurice, 394 So.2d 1125 (Fla. 4th DCA 1981); Scott-Whitaker Co. v. Joyce Properties, Inc., 155 So.2d 661 (Fla. 3d DCA), cert. denied, 159 So.2d 651 (Fla.1963); Chambers v. Chambers, 143 So.2d 656 (Fla. 3d DCA 1962); Frank v. Pioneer Metals, Inc., 114 So.2d 329 (Fla. 3d DCA 1959). See Winn-Dixie Stores, Inc. v. Codomo, 372 So.2d 952, 953 (Fla. 3d DCA 1979) (Schwartz, J., dissenting), cert. denied, 381 So.2d 765 (Fla.1980). We, of course, had jurisdiction of the timely-taken appeal.
However, on November 5, 1982, we dismissed Marban’s appeal because of his failure to take any steps to prosecute it. Mar-ban was apparently undismayed, because by then he had filed a second notice of appeal directed to the trial court’s September 10, 1982, order denying his motion for rehearing. It is this second appeal that is now before us and over which we find ourselves without jurisdiction. As the reader has by now undoubtedly surmised, the trial court’s order denying rehearing was a nullity, and the appeal therefrom breathed no life into it. Under the circumstances set forth, the case below was finally disposed of on July 8, 1982, and our jurisdiction could attach only to an appeal from the order of forfeiture. When that appeal was dismissed for lack of prosecution, Marban’s right to appellate review was lost.
Appeal dismissed.