463 So.2d 240 (1984)
Timothy S. BRUMLIK, Appellant,
v.
CATALYST INC., Appellee.
No. 84-961.
District Court of Appeal of Florida, Fifth District.
September 6, 1984.
*241 Denise G. Morris, of Burton L. Bruggeman, P.A., Orlando, for appellant.
W. Gregory Lockeby, of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellee.

ON MOTION TO DISMISS APPEAL
ORFINGER, Judge.
Appellee moves to dismiss this appeal, contending that the notice of appeal was filed more than 30 days from rendition of the final judgment.
Appellant filed a timely motion for rehearing of the final judgment entered after a non-jury trial, but before that motion was disposed of, filed his notice of appeal. The notice of appeal was filed more than thirty days from the filing of the final judgment.
Appellee contends that this court has no jurisdiction because the filing of the notice of appeal constituted an abandonment of the undisposed of motion for rehearing; thus, says appellee, the appeal was filed more than thirty days after rendition of the final judgment.
For the reasons expressed in Bianco v. Bianco, 383 So.2d 1120, 1121 (Fla. 4th DCA 1980) we deny the motion to dismiss. While we agree that the filing of a notice of appeal prior to the determination of an otherwise timely filed motion for rehearing constitutes an abandonment of the motion for rehearing, we cannot agree with appellee that the tolling effect of the motion is also abandoned. We hold that pursuant to Rule 9.020(g), Fla.R.App.P. because the filing of an authorized and timely motion for rehearing delays rendition of the final judgment until the motion is disposed of, the abandonment of the motion by the filing of the notice of appeal constitutes a "disposition." See also, Winn Dixie Stores, Inc. v. Codomo, 372 So.2d 952 (Fla. 3d DCA 1979). Contra, Bannister v. Hart, 144 So.2d 853 (Fla. 2d DCA 1962).
MOTION DENIED.
FRANK D. UPCHURCH, JR. and SHARP, JJ., concur.