W. SHARP, Judge.
Jackson appeals that portion of a sentence imposed as a credit for time served because the trial judge only credited him with 431 days when he served 527 days.[1]
Sections 921.161(1) and (2) require that a defendant be credited with all time served in county jail including that time spent between sentencing and being placed in the custody of the Department of Corrections. Because Jackson was shortchanged by 93 days, we reverse and remand to the trial court with directions to correct Jackson’s sentence. In all other respects, Jackson’s sentence is affirmed.
REVERSED and REMANDED with directions.
DAUKSCH and COBB, JJ., concur.

. The state does not challenge that Jackson was shortchanged on time served, but rather contends the issue is moot because Jackson has been released. However, the record does not support this contention and we cannot consider it on appeal. In re Burton's Estate, 45 So.2d 873 (Fla.1950); Hastings v. Hastings, 45 So.2d 115 (Fla.1950); Allen v. Largo, 39 So.2d 549 (Fla.1949).