On Motion to Relinquish Jurisdiction

SCHWARTZ, Chief Judge.
The trial court entered a final judgment of forfeiture on July 6, 1990. On July 16, 1990, the respondent Gonzalez timely filed a motion for rehearing of this judgment. Thereafter, on August 3, 1990, prior to a hearing on or disposition of the motion for rehearing, he filed a notice of appeal from the final judgment. Gonzalez now moves this court to “relinquish jurisdiction” over the cause to the trial court for a determination of the rehearing motion which he contends is pending before it. We deny the motion on the basis of the familiar and what we conclude is the still-existing rule that the filing of a notice of appeal constitutes an abandonment of a then-pending post-judgment motion which simultaneously confers sole jurisdiction over the cause in the appellate court and deprives the trial court of authority to consider the motion.
There can be no question that the rule that a party abandons a post-final judgment motion by filing a notice of appeal to review that very judgment is a long and firmly established one. State ex rel. Faircloth v. District Court of Appeal, Third Dist., 187 So.2d 890, 892 (Fla.1966); State ex rel. Owens v. Pearson, 156 So.2d 4 (Fla.1963); State v. Florida State Turn *728 pike Auth., 134 So.2d 12 (Fla.1961); Allen v. Town of Largo, 39 So.2d 549 (Fla.1949); In re One 1979 Chevrolet Blazer Bearing Florida Tag No. WFF-202, VIN No. CKL 189202370, 436 So.2d 1087 (Fla. 3d DCA 1983). Indeed, the supreme court has often stressed that the adoption of any other rule would “result in utter chaos in the appellate processes.” Faircloth, 187 So.2d at 892, and “complete confusion in the disposition of litigation.” Pearson, 156 So.2d at 7.
In the minds of some, however, language in the case of Williams v. State, 324 So.2d 74 (Fla.1975), has cast doubt upon this conclusion. We do not believe this doubt is justified. In Williams, of course, the court adopted a so-called “limbo jurisdiction” doctrine which in that case precluded dismissal when a notice of appeal was “prematurely” filed before the recording and thus the rendition of the final judgment to which it was directed. This principle cannot, in our view, be properly applied so as to suspend the finality of a final judgment until the disposition of an earlier filed post-trial motion when the appellant has voluntarily taken a step, by bringing the appeal, which is totally inconsistent with the pendency of that motion, and has thus, in effect, elected his remedy. See Pearson, 156 So.2d at 7; Florida State Turnpike Auth., 134 So.2d at 15.
The contrary view rests upon the statement in Williams that:
This rule [of non-dismissal] shall apply to such situations as when the defendant filed his notice of appeal:
[[Image here]]
3. After the written judgment is filed for recording, but before a post-trial motion is decided, [e.s.]
Williams, 324 So.2d at 79-80.[1] It seems clear to us that this sentence may not properly be taken to abrogate the abandonment doctrine. First, but perhaps least significant, is the fact that the statement in question is complete dictum, totally unnecessary and in fact irrelevant to the disposition of the issue which was actually before the court. Second, it is simply impossible to believe that the court could have intended to overrule — without citation, discussion or awareness of the fact that it was doing so — a long line of authority in which it had so emphatically expressed its opinion not only of the wisdom, but of the necessity of the doctrine. Finally, acknowledging that even dicta, when uttered by the supreme court, is persuasive authority, the critical statement can be and has been properly applied without in any way departing from the rule of abandonment. Thus in Bianco v. Bianco, 383 So.2d 1120 (Fla. 4th DCA 1980), the court held that the statement was applied to uphold the timeliness of a notice of appeal filed during the pendency of a motion for rehearing on the ground that the fact of its abandonment constituted the “disposition” of the motion and thus the “rendition” of the final judgment under Florida Rule of Appellate Procedure 9.020(g). Accord Winn Dixie Stores, Inc. v. Codomo, 372 So.2d 952 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 765 (Fla.1980).[2],[3] This obviously correct[4] ruling is *729 fully consistent with both the Williams language and the continued viability of the abandonment rule — indeed, it is entirely dependent upon it. Under familiar rules of judicial decision making, which include the propriety of preserving supreme court doctrines which have not been departed from either expressly or necessarily by implication, State v. Dwyer, 332 So.2d 333, 335 (Fla.1976); Hoffman v. Jones, 280 So.2d 431, 440 (Fla.1973); Ball v. Public Health Trust of Dade Co., 491 So.2d 608, 610 (Fla. 3d DCA 1986), while giving effect to the words themselves, this is the construction which we should and do adopt.
For these reasons, as this court has consistently stated, we again hold that the abandonment rule survives Williams and applies today. Ferrara v. Belcher Indus., Inc., 483 So.2d 477 (Fla. 3d DCA 1986); SAC Constr. Co., Inc. v. Eagle Nat’l Bank of Miami, 449 So.2d 301 (Fla. 3d DCA 1984); In re One Chevrolet Blazer, 436 So.2d at 1088; accord Jackson v. State, 570 So.2d 1038 (Fla. 2d DCA 1990); Brumlik v. Catalyst, Inc., 463 So.2d 240 (Fla. 5th DCA 1984); Griffith v. State, 435 So.2d 398 (Fla. 2d DCA 1983); see also The Florida Star v. B.J.F., 499 So.2d 883 (Fla. 1st DCA 1986), review denied, 509 So.2d 1117 (Fla.1987), reversed on other grounds, 491 U.S. 524, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1989) (post-trial motions are abandoned when filed simultaneously with notice of appeal). We indicate our disagreement with the cases that hold to the contrary. E.g., Leopard v. State, 489 So.2d 859 (Fla. 1st DCA 1986); Lloyd v. Harrison, 489 So.2d 856 (Fla. 1st DCA 1986); Hathcock v. State, 492 So.2d 756 (Fla. 4th DCA 1986); Park v. Bayview Village Condominium Ass’n, Inc., 468 So.2d 1116 (Fla. 4th DCA 1985).
Motion denied.[5],[6]

.The entire passage reads as follows:
Thus, a notice of appeal which is filed after the oral pronouncement of judgment and/or sentence, but before rendition thereof, is not to be dismissed on the grounds that it is premature. This rule shall apply to such situations as when the defendant filed his notice of appeal:
1. After oral pronouncement of judgment, but before the judgment is reduced to writing and signed.
2. After the written judgment is signed, but before it is rendered (filed for recording).
3. After the written judgment is filed for recording, but before a post-trial motion is decided.
Williams, 324 So.2d at 79-80.

. So interpreted, the Williams dictum thus accomplished what may well be thought to be the salutary purpose of overruling Bannister v. Hart, 144 So.2d 853 (Fla. 2d DCA 1962).

. It should also be noted that the Williams dictum now in question also applies to the pendency of the other side’s post-trial motion which, as has long been held, the appellant cannot deprive his opponent the ability to pursue. Seiferth v. Seiferth, 121 So.2d 689, 690 (Fla. 3d DCA 1960); see Maynard v. Maynard, 515 So.2d 308 (Fla. 3d DCA 1987).

. The fact that the author is a late convert to this view, see Codomo, 372 So.2d at 953 *729 (Schwartz, J., dissenting), does not detract from the sincerity with which it is now held.

. This ruling is in accordance with one already made by the learned trial judge in declining to consider the motion for rehearing because the appeal had deprived the lower court of jurisdiction.

. Appellant is granted ten days to file the brief of appellant, in default of which this appeal will be dismissed.