ON MOTION TO DISMISS
PER CURIAM.
In this forfeiture action, appellee The Citizens and Southern National Bank of Florida (C & S) challenges this court’s jurisdiction to. consider an appeal from a final summary judgment preserving its lien. We deny the motion to dismiss.
On December 26, 1991, the trial court rendered an order granting a motion for summary judgment filed by C & S. The nonfinal, nonappealable order granting the motion, reserved jurisdiction to enter a “final judgment.” On January 28, 1992, the trial court rendered a final summary judgment as to the lien of C & S. Appellant timely filed a motion for rehearing on February 3, 1992. On February 28, 1992, appellant withdrew his motion for rehearing by filing a notice of withdrawal and also filed a notice of appeal directed to the final summary judgment. Thirty days from January 28 fell on February 27. Hence, C & S contends that this appeal must be dismissed as untimely.
The only contention of C & S that merits discussion involves whether an authorized and. timely postjudgment motion which is subsequently abandoned suspends the rendition of the final judgment until the time of abandonment. In support of C & S’s position that a subsequently abandoned motion does not toll the time for filing a notice of appeal, it directs our attention to Bannister v. Hart, 144 So.2d 853 (Fla. 2d DCA 1962). Although C & S is correct that there is no case explicitly overruling Bannister, it has been implicitly overruled by Williams v. State, 324 So.2d 74 (Fla.1975), and In re Forfeiture of $104,591 in U.S. Currency, 589 So.2d 283 (Fla.1991).
Williams held that a prematurely filed notice of appeal remains in limbo until the rendition of the final judgment to which the notice is directed. According to Williams, a premature appeal should not be dismissed *640 after a “written judgment is filed for recording, but before a posttrial motion is decided.” 324 So.2d at 80. The abandonment doctrine was not overruled by Williams. In re Forfeiture of $104,591 in U.S. Currency. It is the filing of the notice of appeal that constitutes an abandonment of a postjudgment motion, and the motion is not “disposed of” until that time. Accordingly, the rendition of the final judgment in this circumstance occurs at the time the notice of appeal is filed, not at the earlier time when the final judgment is entered.
Motion denied.
DANAHY, A.C.J., and ALTENBERND and BLUE, JJ., concur.