ERVIN, Chief Justice.
We have for review by way of conflict certiorari a decision of the Second District Court of Appeal granting motions to dismiss and quash Petitioner’s appeal. See Rice v. Doyle, 223 So.2d 783.
Respondent Eleanor Doyle brought suit against Petitioner Margaret Judah Rice and Elliot D. Booker alleging that Respondent received injuries while standing on a street corner in St. Petersburg, Florida, due to negligence in the operation of automobiles driven by Petitioner and Booker which collided at the intersection. On February 16, 1968 the trial court entered an order granting Respondent’s motion for partial summary judgment against Petitioner and codefendant Booker on the issue of liability alone. A jury verdict was returned in favor of Respondent and final judgment thereon was entered December 18, 1968 as follows:
“IT IS ADJUDGED that the Plaintiff, ELEANOR DOYLE, do have and receive from the Defendants, MARGARET JUDAH RICE and ELLIS DET-CHON BOOKER, the sum of FIVE THOUSAND and NO/100 DOLLARS ($5,000.00) * * *.”
Codefendant Booker filed a timely motion for new trial on December 24, 1968, which was denied by an order entered January 21, 1969. In the same order, the trial court assessed costs against the defendants in the amount of $167.02. Code-fendant Booker did not prosecute an appeal. Petitioner did not file any post-trial motions but did file her notice of appeal on February 12, 1969, more than thirty days after the entry of final judgment, but within the thirty-day period computed from the date of disposition of the motion for *164 new trial filed by codefendant Booker. In her notice of appeal, Petitioner sought to review the partial summary judgment on the issue of liability, the final judgment above quoted, and the final judgment for costs and order denying new trial.
Respondent herein filed a motion to dismiss the appeal as to the partial summary judgment and the final judgment rendered December 18, 1968, on the basis Petitioner’s notice of appeal was not timely filed within thirty days of the rendition of said judgments. Respondent moved to quash the appeal as to the final judgment for costs on the basis said appeal was frivolous.
The District Court granted both the motion to dismiss and the motion to quash. In sustaining the motion to dismiss, the District Court reasoned that the judgment entered December 18, 1968 was “final” as to Petitioner Rice and she was required to prosecute an appeal from this judgment within thirty days from December 18, 1968, irrespective of the interim filing of code-fendant Booker’s motion for new trial.
Petitioner contends the District Court’s decision is inconsistent with the meaning of the term, “rendition,” as employed in F.A.R. 1.3 and 3.2(b), 32 F.S.A., and conflicts with State ex rel. Owens v. Pearson, Fla.1963, 156 So.2d 4, to the extent that decision intimates a final judgment or decree is not appealable until a timely motion for new trial is disposed of by the trial court. The reasoning advanced by Petitioner is not persuasive in demonstrating conflict jurisdiction. However, having examined the decision below, we believe the District Court, insofar as it holds the judgment of December 18, 1968 was “final” under the definition of that term as set forth in Hillsboro Plantation v. Plunkett, Fla.1951, 55 So.2d 534, has erred in the application of the principle set forth in that case so as to generate a conflict of the type reviewable by this Court. See Pinkerton-Hays Lumber Company v. Pope, Fla.1961, 127 So.2d 441.
In State ex rel. Owens v. Pearson, supra, this Court, speaking through Mr. Justice Drew, held a timely petition for rehearing destroys the finality for purposes of appeal of a decree theretofore entered. We clearly intimated in Pearson that the F.A.R. 1.3 by use of the term, “rendered,” incorporates the long-standing rule of this Court that the test of finality of judgments and decrees is to be determined by whether the judicial labor has been completed. Therefore, we concluded in Pearson that where a petition for rehearing was timely filed the judicial labor had not been terminated until the trial court had disposed of such petition. Of course, the rationale of our holding in State v. Pearson applies with equal efficacy to a motion for new trial.
By virtue of our pronouncement in Pearson, the dispositive question in the instant case is whether codefendant Booker’s timely motion for new trial destroyed, for purposes of appeal, the finality of the December 18, 1968 judgment so far as it pertains to Petitioner. It is at this juncture that we view the District Court opinion as attributing an erroneous application to the definition of finality as set forth in Hillsboro Plantation v. Plunkett, supra.
In the Hillsboro Plantation case we adopted a definition of a final judgment in the following terms:
“[1,2] A judgment is ‘final’ for the purposes of an appeal when it terminates a litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined. * * * [Citation omitted.] And, under that definition the judgment in favor of Florida Power is a ‘final’ judgment.” 55 So.2d at 536. (Emphasis added.)
Specifically, in Hillsboro Plantation v. Plunkett, the Court was confronted with the following facts: Plaintiff sued Hills-boro Plantation, Inc. and Florida Power and Light Company jointly and severally for separate acts of negligence alleged to *165 have operated concurrently to cause injuries to the plaintiff. The jury returned a verdict in favor of both defendants and a motion for new trial was filed by the plaintiff. As to defendant Florida Power and Light Company, the motion for new trial was denied on the ground that its liability to plaintiff was exclusively under the Workmen’s Compensation Act. As to defendant Hillsboro, the motion for new trial was granted for error in the court’s charge to the jury on the question of contributory negligence. Subsequently, a final judgment was entered against the plaintiff and in favor of Florida Power and Light Company. Under these facts it is readily apparent that the new trial granted in favor of plaintiff against Hillsboro could in no manner affect the result of the controversy between plaintiff and defendant Florida Power and Light Company, the latter being absolved from liability in the negligence action due to its exclusive liability under the Workmen’s Compensation Act. This Court concluded the judgment in favor of Florida Power was “final” and appealable since it terminated the litigation on the merits as between plaintiff and Florida Power.
In order to properly reason that the definition of “final” judgment as set forth in the Hillsboro Plantation case applies under the present facts to warrant a similar designation of the instant judgment insofar as it pertains to Petitioner, it must first be demonstrated that the motion for new trial filed by Petitioner’s codefendant did not raise any issues which could possibly affect the result of the litigation as between Petitioner and Respondent.
In the present case, by virtue of code-fendant Booker’s motion for new trial, the trial court was charged with the task of testing the verdict against the sufficiency of the evidence. Discharge of this task could have entailed ascertaining whether the damages awarded were supported by the evidence, a judicial consideration which under the verdict and judgment here involved necessarily would affect the litigation as it related to all the parties. Thus, in the present case, we do not have a situation where the litigation as between Petitioner and Respondent is placed in repose and thereby rendered immune to any future judicial labor of the trial court acting on the motion for new trial. Accordingly, the motion for new trial filed by codefendant Booker destroyed the finality of the judgment of December 18, 1968, both as to Booker and Petitioner and said judgment was not appealable by any of the parties until disposition of the motion for new trial.
In reaching the conclusion under the circumstances of this case that a motion for new trial filed by one codefendant party destroys the finality of a prior judgment as between the plaintiff and the nonmoving defendant party, we are aware a situation may arise where a nonmoving defendant may be satisfied with the prior judgment and reluctant to subject same to any further exercise of judicial labor by the trial court. We do not foresee that by construing such a judgment as not final for purpose of appeal we have in any way jeopardized the prerogative of a nonmoving defendant party to accept satisfaction of a judgment. Such a party could easily inform the trial court of his satisfaction with the prior judgment and his desire not to join in the motion for new trial. Under F.R.C.P. 1.530(a), 31 F.S.A. the trial court is empowered to grant a new trial to all or any of the parties and on all or a part of the issues. A motion to invoke the authority conferred under this rule would in most cases suffice to protect the exercise of such a privilege by a satisfied party.
Accordingly, the order of the District Court of Appeal granting Respondent’s motion to dismiss is vacated and the cause is remanded to said court with directions to entertain as timely filed Petitioner’s notice of appeal.
CARLTON, ADKINS and BOYD, JJ., concur.
DREW, J., agrees to judgment.