PER CURIAM.
Appellants appeal a final order vacating an order of adoption. This court, sua sponte, issued an order to show cause why the appeal should not be dismissed for failure to timely file the notice of appeal. Upon consideration of appellants’ response, we discharge the order to show cause.
Appellants, the adoptive parents and natural mother of M.L.M., filed a joint notice of appeal from the order of the trial court which vacated a previously entered order of adoption. The notice stated that the order being appealed was a final order rendered March 23, 1990. The notice was filed on June 4, 1990. Because the notice on its face indicated that it was filed more than 30 days after rendition of the order being appealed, this court issued an order to show cause why the appeal should not be dismissed for failure to timely file the notice of appeal.
Appellants have responded and state that the order vacating the final judgment of adoption was filed with the clerk of the circuit court on March 23, 1990. The adoptive parents state they timely filed a motion for rehearing on April 2, 1990. The natural mother, however, filed an untimely motion for rehearing on April 10, 1990. The trial court denied both motions for rehearing in an order which was filed with the clerk of the circuit court on May 10, 1990. As noted, the appellants filed a joint notice of appeal on June 4, 1990.[1] Appellants acknowledge that the notice was prepared incorrectly, but argue the error was technical, no one was prejudiced and since the notice was filed within 30 days from the date rehearing was denied it was timely and the appeal should not be dismissed.
With certain exceptions, a notice of appeal must be filed within 30 days of rendition of the order to be reviewed.[2] Casto v. Casto, 404 So.2d 1046, 1047 (Fla. 1981). Rendition is defined in the rules of appellate procedure as:
The filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for ... rehearing ... the order shall not be deemed rendered until disposition thereof.
Fla.R.App.P. 9.020(g). Since the adoptive parents’ motion for rehearing was timely, there is no question that the notice of appeal, which was filed within 30 days after the filing of the order which disposed of their motion for rehearing, was timely filed as to the adoptive parents. Id. at 1047.
The natural mother’s notice of appeal presents a different question, although we reach the same result. The natural mother’s motion for rehearing was untimely and as such did not affect rendition of the order. Wakulla Wood Products v. Richey, 465 So.2d 660, 661 (Fla. 1st DCA 1985). However, Rule 9.020(g) does not require that the party filing the notice of appeal be the same party who timely initiates the motion for rehearing. Under the rule, a timely motion for rehearing, by any party, suspends rendition of the order until disposition of the motion. In this case the adoptive parents’ timely motion for rehearing suspended rendition of the final order until May 10, 1990, when the motion was denied by the trial court. The natural mother’s notice of appeal was filed within *1224 30 days from that date and was, therefore, timely.
As appellants have admitted, the notice of appeal incorrectly stated the date of rendition of the order to be reviewed. Unfortunately, this is not an uncommon occurrence. This court recently began screening all notices of appeal as soon as they arrive at this court to determine, on a preliminary basis, if the notice is timely filed.[3] If the notice of appeal, on its face, indicates that the notice was filed more than 30 days after rendition of the order to be reviewed, as it did in this case, an order is issued requiring appellant to show cause why the appeal should not be dismissed for failure to timely file the notice of appeal. This provides the court with an opportunity to quickly dispose of those cases where we have no jurisdiction because the notice of appeal is not timely filed. The amount of judicial labor devoted to such cases is thereby greatly reduced.
In most cases where a show cause is issued, the notice is not actually late. The most common problem is that, as here, the notice has been incorrectly prepared and the date of rendition is different than the date stated in the notice. Generally no one is prejudiced by this type of mistake. Nevertheless, considerable judicial labor and litigant time and money is devoted, needlessly, to the issuance of a show cause order, preparation and review of a response and issuance of a subsequent order discharging the show cause order. We strongly urge counsel to heed the words of our supreme court, when preparing the notice of appeal:
Notices [of appeal] are the simplest yet by far the most important of all documents which are necessary in an appeal. No lawyer should draw one without rereading the applicable rule and should never file one without carefully reading and checking the notice.
State ex rel. Dedmon v. Carroll, 151 So.2d 5, 9 (Fla.1963).
Since no prejudice resulted from the incorrect notice of appeal and since the notice was timely as to all appellants, this court’s order to show cause dated June 25, 1990 is discharged.
WENTWORTH, NIMMONS and ALLEN, JJ., concur.

. Appellants provided copies of the pertinent orders and pleadings in support of their response.

. See Fla.R.App.P. 9.140(c)(2).

. The court continues its long-standing practice of reviewing the record, upon arrival at this court, to determine if the notice was actually timely filed.