JORGENSON, Judge.
Bankatlantic moves to dismiss Benjamin Friedman’s appeal for failure to timely file a notice of appeal. For the reasons that follow, we grant the bank’s motion and dismiss the appeal.
Allen Blattner borrowed a total of $750,-000 from the bank in a series of three loans. The first two loans were guaranteed by Jetborne International, Inc.; the third note was secured by a certificate of deposit pledged by Benjamin Friedman. The pledge agreement between the bank *777 and Friedman provided that Friedman’s liability to the bank was not conditioned upon judgment being entered against the debtor or guarantor. When Blattner defaulted, the bank sued Blattner, Jetborne, and Friedman. Friedman filed a counterclaim against the bank for breach of contract, fraud, and breach of fiduciary duty. During the pendency of the litigation, the bank credited to Blattner’s indebtedness the proceeds of the certificate of deposit that Friedman had pledged.
Following a trial, a final judgment was rendered on September 12, 1991, against Jetborne, Blattner, and Friedman. The trial court found the bank’s claim that sought to foreclose Friedman’s interest in the certificate of deposit moot as the bank had already credited the amount pledged. The trial court further dismissed Friedman’s counterclaim and found him liable for the bank’s costs and attorney’s fees. Jetborne and Blattner filed motions for rehearing on September 23, 1991; the motions did not address any arguments related to the crediting of Friedman’s certificate of deposit to Blattner’s indebtedness or any claims raised in Friedman’s counterclaim. The trial court denied the motions for rehearing on October 17, 1991. Friedman filed no motion for rehearing and filed his notice of appeal from the final judgment on' October 28, 1991, 41 days after rendition of the final judgment.
Friedman’s notice of appeal was not timely. He filed no motion for rehearing but, instead, relied on his codefendants’ motions. He thus failed to suspend the finality of the final judgment rendered September 12, 1991. A post-trial motion for rehearing only suspends the rendition and finality of the final judgment against the moving party. Phillips v. Ostrer, 442 So.2d 1084 (Fla.3d DCA 1983).
Friedman argues that a timely motion for rehearing filed by any party suspends rendition of the order as to all parties until disposition of the motion, citing In re M.L.M., 564 So.2d 1222 (Fla. 1st DCA 1990). In M.L.M., the first district held that because “Rule 9.020(g) does not require that the party filing the notice of appeal be the same party who initiates the motion for rehearing, ... a timely motion for rehearing, by any party, suspends rendition of the order until disposition of the motion.” M.L.M., 564 So.2d at 1223 (emphasis added). Friedman further relies upon Rice v. Doyle, 232 So.2d 163 (Fla.1970). In Rice v. Doyle, the supreme court held that a motion for new trial filed by a codefendant could destroy the finality of a judgment against a codefendant who failed to file a post trial motion if a ruling on the motion would affect the result of the litigation between the plaintiff and the nonmoving defendant.[1]
We disagree with Friedman that Rice and M.L.M. control in this case as neither case applies to the facts here. Friedman’s liability was independent of Jetborne’s or Blattner’s obligation. The pledge agreement under which the bank sued provided direct redress against the funds that Friedman had pledged. The trial court’s finding that the bank’s action against Friedman was moot and its rejection of Friedman’s counterclaim effectively removed Friedman from the litigation. The codefendants’ motions for rehearing did not challenge the trial court’s ruling on the bank’s entitlement to the pledged funds or its rejection of Friedman’s counterclaim. Friedman thus could not rely on his codefendants’ motions for rehearing to suspend the finality of the final judgment entered against him.
However, in light of the broad language employed by the first district, we certify conflict with M.L.M. to the extent that our decision today reaches a contrary result.
APPEAL DISMISSED.

. The first district’s decision in M.L.M. is consistent with Rice. In adoptive parents filed a motion for rehearing of an order vacating the adoption. The natural mother filed an untimely motion for rehearing. However, the adoptive parents’ motion affected the rights of the nonmoving natural mother, and, in the words of the supreme court in Rice, "necessarily would affect the litigation as it related to all the parties.” Rice, 232 So.2d at 165.