206 So.2d 402 (1968)
Rufus F. DOUGLASS et Ux., Appellants,
v.
HILLSBOROUGH COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 67-15.
District Court of Appeal of Florida. Second District.
January 17, 1968.
David C.G. Kerr, of Macfarlane, Ferguson, Allison, & Kelly, Tampa, for appellants.
William C. McLean, Jr., Tampa, for appellee.
ALLEN, Judge.
The appellants, defendants below, have filed an appeal from an adverse final judgment entered in an eminent domain proceeding.
The appellee, Hillsborough County, instituted an eminent domain proceeding to acquire certain property for use as a right-of-way for the State Highway System.
The appellants' property, which was designated in the trial court as Parcel 122, had a laundromat located upon it.
*403 The fee to Parcel 122 at the commencement of the proceeding was owned by William Moore and his wife. The property was leased to Richard Stuart in 1960 for a period of 9 years and 5 months with right of renewal for ten years. Stuart, having placed the necessary improvements upon the premises for the operation of a coin laundry business, subleased the premises and improvements to Arlin and Hazel Bahlke, husband and wife, who in turn subleased to appellants Douglass, who took over the business and continued its uninterrupted operation.
In March of 1966, appellants were served with summons and copy of the petition in eminent domain filed by appellee. Title to the condemned property vested in appellee on April 14, 1966, at which time the appellants ceased business operations. The coin laundry business had been in continuous operation in excess of five years. Subsequently, appellants vacated the condemned premises, after removing, at their own expense, all of the coin operated and miscellaneous equipment therefrom.
The appellants filed their answer to the petition in eminent domain asserting their right to special damages for business loss, pursuant to statute, for the destruction of their coin-operated laundry business.
Prior to trial, a hearing was held to determine the issue of damages claimed for loss of business by appellants. The court ruled that appellants were not entitled to damages for loss of their business and that Section 73.071, Fla.Stats., F.S.A., was not applicable to the facts surrounding the taking and destruction of appellants' coin-operated laundry business.
Compensation was settled between the fee owner and the appellee at $9,900.00. This compensation award was ultimately apportioned between the fee owner and the lessee, with appellants, as sublessees, receiving nothing. Appellants allege that the appellee condemned and destroyed approximately 5/8ths of the business structure, leaving the remaining 3/8ths upon adjoining land not taken.
Section 73.071(3) (b), Florida Statutes, F.S.A., provides:
"Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including when the action is by the state road department * * * and the effect of the taking of the property involved may damage or destroy an established business of more than five years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages."
Florida is one of the few states in the nation that provides for business loss by reason of condemnation. The Legislature of 1933 provided for business losses in Chapter 15927, which act is similar with certain limited exceptions to Section 73.071, formerly 73.10, Florida Statutes, F.S.A. The case of Guarria v. State Road Department, Fla.App. 1960, 117 So.2d 5, held that destruction or damage to a business of more than five years' standing was not compensable where land upon which business was located was being condemned in its entirety. In the opinion, at page 6, it is stated:
"As to the first question posed, we consider the rule to be well settled that `* * * where the suit is by a governmental agency for the condemnation of a right of way, and the effect of the taking is to injure or destroy an established business of more than five years standing owned by the party whose lands are being taken, located on adjoining, adjacent, or contiguous lands owned by such party, the jury must consider the *404 probable effect the use of such property may have on the business, and assess, in addition to the amount awarded for the taking, the probable damages to such business which the use of the property may reasonably cause.' 12 Fla.Jur., Eminent Domain, § 100. We do not consider the applicable statutes to require the award of damages for a going business of five years or more to be severable from the damages to be awarded for the condemnation of the real property where the effect of the condemnation is to destroy the business by reason of an entire taking of both the business and the land."
In State Road Department v. Bramlett, Fla. 1966, 189 So.2d 481, 483, our Supreme Court said:
"* * * We agree with the holding below that the element of business damage in the instant case is not within the scope of application of F.S. § 73.10(4), F.S.A., and that the business damages awarded herein cannot be predicated upon said statute. Here, the business concerned was located on the land being taken by eminent domain rather than being located on adjoining lands as called for in F.S. § 73.10(4), F.S.A. See State Road Department v. Lewis, Fla., 170 So.2d 817. We do not, however, agree with the contention below that business damages are allowable in the instant cause by application of the provisions of the Florida Constitution as construed by this Court in Du Pree, supra [Jacksonville Expressway Authority v. Henry G. Du Pree Co., 108 So.2d 289]. We believe that the holding below as affirmed by the District Court of Appeal stretches too far the pronouncements and principles stated by us in Du Pree."
In Pensacola Scrap Processors, Inc. v. State Road Department, Fla.App. 1966, 188 So.2d 38, the First District Court of Appeal held that a junk dealer, as a tenant at will under an oral lease, was the owner of the realty in a constitutional sense which entitled him to the protection of the statute. The statute requires that the owner of an established business, of more than five years' standing, located on lands owned or held by him be compensated for damages sustained as a result of the partial taking of the property by eminent domain. The court states in its opinion: (p. 43)
"In a recognized treatise on eminent domain, as to damages allowable upon the condemnation of a part of the leasehold estate, we find:
"`In partial taking cases, when the removal of fixtures or equipment is from the appropriated property to the property not taken and when such removal will reduce the amount of damage to the property not taken, the cost of such removal is a proper item of damage for compensation. * * *'
"While it is conceded that the foregoing rule is not applicable in those instances where the property being condemned includes the entire leasehold estate, this court has indicated, at least by implication, that the rule would be applicable in those cases involving only a partial taking.
"Holding as we do here, that the holder of a tenancy at will is an owner of property in a constitutional sense, then the appellant is entitled to the protection of the statute which requires that the owner of an established business of more than five years standing located upon adjoining lands owned or held by him be compensated for the damages he sustains as a result of the partial taking of his property by eminent domain."
12 Fla.Jur., Eminent Domain, § 100, Injury to Business and Loss of Profits, states:
"As a general rule, injury to a business is not an appropriation of property for which compensation must be made in condemnation proceedings. But where the suit is by a governmental agency for the *405 condemnation of a right of way, and the effect of the taking is to injure or destroy an establish business of more than five years standing owned by the party whose lands are being taken, located on adjoining, adjacent, or contiguous lands owned by such party, the jury must consider the probable effect the use of such property may have on the business, and assess, in addition to the amount awarded for the taking, the probable damages to such business which the use of the property may reasonably cause."
In the Answer filed by Rufus F. Douglass and his wife, as to Parcel 122, in the eminent domain proceedings in Hillsborough County, they stated in Paragraph 5, "Special Damages," the following:
"Defendants aver that they are operating a Coin-Operated Laundry located upon the property sought to be appropriated, and that such business has been established for more than five years prior to the institution of these proceedings; that as a consequence of the taking herein, said business will be damaged, and denial of the use of the property taken will drastically and adversely affect said business. Defendants aver that the taking of the described premises will require the relocation of the Coin-Operated Laundry business and improvements, and further aver that they are entitled to have the jury instructed herein to consider the probable effect the denial of the use of Parcel 122 may have upon said business, and assess, in addition to compensation awarded for its leasehold interest in the property so taken, the probable damage to such business which such denial of use may reasonably cause, together with an award of profits lost to these Defendants during the period of relocation of said business, and moving costs."
The wording of § 73.071, Fla.Stats., F.S.A., makes the statute applicable only where the established business is located upon the adjoining lands to that property taken and not where the business is located upon the property being taken.
Under the showing made in this case, the defendants Douglass and wife have not brought themselves within the purview of § 73.071, Fla.Stats., F.S.A.
Affirmed.
LILES, C.J., and SHANNON, J., concur.