ALLEN, Judge.
Prior to the oral argument, we consolidated the case of Douglass v. Hillsborough County, Fla.App., 206 So.2d 402, with the instant case of Nellie May Young and husband vs. Hillsborough County, Case No. 67-18, but on the writing of the opinions in these two cases we decided to write separate opinions.
In the Douglass case, the appellants’ property, which was designated in the trial court as Parcel 122, had a laundromat located upon it. We held that the appellants were not entitled to business losses where the property taken had the business located thereon. The appellants, in their answer under Paragraph 5, stated that they managed a coin-operated laundry located upon the property sought to be appropriated and as a consequénce of the taking the business would be damaged. We further held that the appellants, Douglass and wife, had not brought themselves within the purview of § 73.071, FlaStats., F.S.A., relating to damages in an eminent domain proceeding.
In the instant case a proffer was made as to business damages suffered by the appellants as follows: [R. 332]
“The Defendant offers to prove with this witness, Mrs. Young, that she would testify, if permitted to do so, that, as a result of the taking of Parcel 221 — which passed through the front portion of her building — in effect her business was destroyed; that it was not economically feasible to continue operating the business at Ingalls Hardware Company at that location, as it had been operated since 1926; that she and her husband James Young, jointly operated as a partnership, with Ingalls Hardware Company as the trade name; that said Hardware Company had been operated on the premises described heretofore adjoining Parcel 221, and Parcel 221, for more than five years; and that the value of the business exclusive of the land and building, the business itself as a business opportunity possessing a certain volume of business and goodwill, is $10,000.
“We offer to prove that by this witness.
“THE COURT: All right. The proffer is denied and you may step down, Mrs. Young.”
In the case of Guarria v. State Road Department, Fla.App.1960, 117 So.2d 5, 6, it was held that destruction or damage *407 to a business of more than five years’ standing was not compensable where land upon which the business was located was being condemned in its entirety.
The court, in its opinion, said:
“As to the first question posed, we consider the rule to be well settled that * * where the suit is by a governmental agency for the condemnation of a right of way, and the effect of the taking is to injure or destroy an established business of more than five years’ standing owned by the party whose lands are being taken, located on adjoining, adjacent, or contiguous lands owned by such party, the jury must consider the probable effect the use of such property may have on the business, and assess, in addition to the amount awarded for the taking, the probable damages to such business which the use of the property may reasonably cause.’ 12 Fla.Jur., Eminent Domain, § 100. We do not consider the applicable statutes to require the award of damages for a going business of five years or more to be severable from the damages to be awarded for the condemnation of the real property where the effect of the condemnation is to destroy the business by reason of an entire taking of both the business and the land.”
The proffer in the instant case shows that the business was destroyed by the taking. In considering the value of the land taken, its value was enhanced by the operation of a business thereon and we do not see any distinction between a partial taking and a total taking where the business was destroyed. For this reason we affirm the lower court, as the proffer and the factual situation in this case do not show that the defendant was entitled to a business loss.
Affirmed.
LILES, C. J., and SHANNON, J., concur.