DREW, Justice.
Petitioners in this certiorari proceeding were defendant landowners in a condemnation proceeding brought by Hillsborough County. From a judgment based on pretrial order excluding recovery of business damage under F.S. Sec. 73.071(3) (b), F. S.A.,[1] defendants appealed.
The appellate court opinion[2] recited evidence that defendant’s business was destroyed by taking the parcel in question, which passed through the front of the business building and required its entire removal. The decision of the trial court was affirmed by reference to the rationale of Guarria v. State Road Dept., Fla.App.1960, 117 So.2d 5, holding the statute does not require award of business damages in case of destruction of a business by “an entire taking of both the business and the land.”
Certiorari has been granted on the basis of decisional conflict created by application of the Guarria decision as controlling precedent in a factual situation materially at variance,[3] in that the condemnation award in the present case is not one for an entire taking of both the business and the land. The statute expressly provides that compensation shall be awarded for the probable damages of a business “where less than the entire property is * * * “appropriated * * * and the effect of the taking * * * may damage or destroy an established business * * *.” (E.S.)
In view of the express provision for business damages when a partial taking destroys a business, we are unable to follow the reasoning by which the court below denies such damages, in case of a partial taking which destroys a business, on the ground that the value of the land taken “was enhanced by the operation of a business thereon and we do not see any distinction between a partial taking and a total taking where the business was destroyed.” [4] The statute makes precisely this distinction, whether the business is destroyed or only damaged, and requires compensation under the prescribed circumstances for business damage on adjoining land, which can only refer to damage independent of or in addition to the value of the land actually taken. No issue is presented as to the validity of the statute involved, and we conclude that the court erred in affirming the order and judgment in the present case.
The decision should accordingly be quashed and the cause remanded with directions that the District Court direct that the award be vacated and total damages *302 in accordance with the views herein expressed be determined anew.
It is so ordered.
CALDWELL, C. J., and THOMAS, THORNAL and HOPPING, JJ., concur.

. “(3) The jury shall determine' solely the amount of compensation to be paid, which compensation shall include:
“(b) Where less than the entire property is sought to be appropriated * * * and the effect of the taking of the property involved may damage or destroy an established business of more than five years’ standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause;

. 206 So.2d 405.

. Pinkerton-Hays Lmbr. Co. v. Pope, Fla. 1961, 127 So.2d 441.

. 206 So.2d 405, 407.