559 So.2d 360 (1990)
O.J. NYE, et al., Appellants/Cross-Appellees,
v.
CITY OF OCALA, Etc., et al., Appellees/Cross-Appellants.
No. 89-450.
District Court of Appeal of Florida, Fifth District.
April 5, 1990.
Charles R. Forman and Michael G. Takac of Atkins, Krehl & Forman, Ocala, for appellants/cross-appellees.
William H. Phelan, Jr., and Rollin E. Tomberlin of Bond, Arnett & Phelan, P.A., Ocala, for appellees/cross-appellants.
COWART, Judge.
The issue in this case is: when a municipality exercises the power of eminent domain and all of a tract of land is not needed for municipal purposes, but the cost to acquire the entire tract would be equal to, or less than, the cost of acquiring only a portion of the tract,[1] can the municipality condemn the entire tract?
Appellee, a municipality, sought to condemn property to widen N.E. 14th Street. The property which is the subject of this appeal, parcel 23, fronts 200 feet along the street and is 60 feet in depth. The municipality actually needs only 50 feet of the 60 foot depth for the street widening. This parcel contains a building leased to a tenant who has operated a business thereupon *361 for more than five years. The tenant asserted a claim for special damages to its business under section 73.071(3)(b), Florida Statutes, which statute is applicable when less than an entire tract is to be condemned. The municipality amended its eminent domain petition to take the additional 10 foot width of the tract so as to eliminate the business damage claim. The tenant contended that the municipality has only the authority to take land by eminent domain for the municipal purpose and therefore has no authority to take the 10 foot remainder. The municipality contended that under its home rule powers, Art. VIII, section 2(b), Fla. Const., and section 166.021, Florida Statutes, it may exercise any power for municipal purposes except when expressly prohibited by law. "Municipal purpose" is defined as "any activity or power which may be exercised by the State or its political subdivisions", § 166.021(2), Fla. Stat., and since the State, Department of Transportation (DOT) as well as counties are expressly permitted by statute to condemn more property than is necessary where they would save money by doing so, §§ 337.27(2),[2] 127.01(1)(b), Fla. Stat., the municipality contends it may likewise do so and thus avoid the business damage claim.
Because section 73.071(3)(b), Florida Statutes, authorizes damages for a taking which damages or destroys an established business only when less than the entire property is sought to be taken, it is often less costly to the condemning authority to acquire an entire tract and thus eliminate business damages than to acquire only a portion of a tract and pay business damages. See e.g., Department of Transportation v. Fortune Federal Savings and Loan Association, 532 So.2d 1267 (Fla. 1988). The problem however is that a condemning authority traditionally has had only the authority to take private property which is necessary for the public purpose. Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527 (1929); Knappen v. Division of Administration, 352 So.2d 885 (Fla.2d DCA 1977), cert. denied, 364 So.2d 883 (1978). However, the legislature has made a specific exception as to DOT in section 337.27(2), Florida Statutes, which essentially provides that when the cost to acquire an entire parcel is equal to or less than the cost of acquiring a portion of the tract, DOT is authorized to acquire the entire tract.[3] By section 127.01(1)(b), Florida Statutes, the legislature has expressly given counties this special eminent domain power granted DOT to take all of a tract of land when only a part is needed. The legislature has not seen fit to amend the statutes empowering municipalities to exercise the power of eminent domain (§§ 166.401, 166.411, Fla. Stat.) to authorize municipalities, in the exercise of their eminent domain powers, to take all of a tract when only a portion is needed for the public purpose.
According to our supreme court:
The power of eminent domain is an attribute of the sovereign. It is not a vesture of the state conferred by constitution or statute. It is circumscribed by the constitution[[4]] and statute in order that cherished rights of the individual may be safeguarded. It is one of the most harsh proceedings known to the law, consequently when the sovereign delegates the power to a political unit or agency a strict construction will be given against the agency asserting the power.
Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (1947). See also Baycol, Inc. v. Downtown Development Authority, 315 So.2d 451 (Fla. 1975).
Because powers of eminent domain are to be strictly construed and because the legislature has expressly given DOT and counties the authority to take an entire tract when only a portion is needed but has not extended that authority to municipalities,[5] *362 we resolve the issue in this case by holding that a municipality in Florida today does not have the power of eminent domain to acquire an entire tract when only a portion of the tract is needed for a municipal purpose merely because the cost to acquire a portion of the tract is more than the cost of acquiring the entire tract. If it is the desire of the legislature to give municipalities this more expansive power of eminent domain, it can easily do so in the same manner it has empowered DOT and counties.
Accordingly, the court's order of January 30, 1989, denying appellants' business damage claim by permitting the total taking of parcel 23 is reversed and the cause remanded for proceedings not inconsistent with this opinion.[6]
REVERSED and REMANDED.
DANIEL, C.J., and GOSHORN, J., concur.
NOTES
[1] This anomaly exists because section 73.071(3)(b), Florida Statutes, which authorizes special damages for a taking which damages or destroys an established business, is only applicable when less than the entire business premises is sought to be appropriated. See Young v. Hillsborough County, 215 So.2d 300 (Fla. 1968); State Road Department v. Bramlett, 189 So.2d 481 (Fla. 1966); Douglass v. Hillsborough County, 206 So.2d 402 (Fla.2d DCA 1968); and Palm Beach County v. Awadallah, 538 So.2d 142 (Fla. 4th DCA 1989), rev. denied, 548 So.2d 662 (1989).
[2] Previously section 337.27(3), Florida Statutes.
[3] The constitutionality of this subsection (then § 337.27(3)) was upheld in Department of Transportation v. Fortune Federal.
[4] Art. X, § 6, Fla. Const.
[5] Indeed, we note the legislature amended section 166.401, Florida Statutes, in 1988 to explicitly authorize municipalities to exercise eminent domain powers granted to DOT in section 337.27(1) but did not include in this authorization the power granted to DOT by section 337.27(2). See Ch. 88-168, Laws of Florida.
[6] We intentionally do not address the effect, if any, of the lease provision relating to the rights of the parties to the lease in the event the leased premises are taken by eminent domain.