608 So.2d 15 (1992)
CITY OF OCALA, etc., Petitioner,
v.
O.J. NYE, et al., Respondents.
No. 75984.
Supreme Court of Florida.
October 8, 1992.
Rehearing Denied December 18, 1992.
*16 William H. Phelan, Jr., Bond, Arnett & Phelan, P.A., Ocala, for petitioner.
Charles R. Forman, Michael G. Takac and Gerard S. Krehl, Forman, Krehl & Landt, Ocala, for respondents.
PER CURIAM.
We have for review Nye v. City of Ocala, 559 So.2d 360 (Fla. 5th DCA 1990), in which the Fifth District Court of Appeal construed article VIII, section 2(b) of the Florida Constitution. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and quash the decision below.
This case involves the question of whether a municipality has the power of eminent domain to acquire an entire tract of land when only a portion of the tract is needed for a municipal purpose. This issue is important because by acquiring the whole tract a business damage claim can be avoided, thus making the acquisition cost less expensive than when acquiring only a portion of the tract.
The City of Ocala (the City) sought to condemn property in order to widen a city street. In the resolution attached to the eminent domain petition, the City showed the requirements for only a partial taking of the property. In their answer to the City's petition, the tenants on the property, O.J. and Carolyn Nye (the Nyes), asserted a claim for special damages to their business.[1] The City amended its petition to seek a total taking of the property in order to eliminate the business damage claim. The trial court ultimately entered a judgment allowing the City to take the entire tract of land. On appeal, the Fifth District Court of Appeal reversed the trial court "by holding that a municipality ... does not have the power of eminent domain to acquire an entire tract when only a portion of the tract is needed for a municipal purpose merely because the cost to acquire a portion of the tract is more than the cost of acquiring the entire tract." Nye, 559 So.2d at 362.
The City contends that under its home rule powers, article VIII, section 2(b), Florida Constitution,[2] and section 166.021, Florida Statutes (1989),[3] it may exercise any power for a municipal purpose except when expressly prohibited by law. The *17 City argues that because the Department of Transportation (DOT) and counties, as political subdivisions of the state, are expressly permitted by statute to condemn more property than is necessary where they would save money by doing so,[4] the City may likewise do so pursuant to its home rule powers. We agree.
The power of eminent domain is an attribute of the sovereign which is circumscribed by, rather than conferred by, constitution or statute. Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (1947). This power can only be exercised by counties and state agencies if the state delegates that power to those political subdivisions. Furthermore, "when the sovereign delegates the power [of eminent domain] to a political unit or agency a strict construction will be given against the agency asserting the power." 159 Fla. at 314, 31 So.2d at 485. Thus, it is only through another specific legislative grant that the DOT and the counties are authorized to acquire land in its entirety in order to reduce acquisition costs. Section 337.27(1), Florida Statutes (1989), vests in the DOT the power of eminent domain to secure transportation rights-of-way, while section 337.27(2) authorizes the DOT to acquire the land in its entirety if by doing so the acquisition cost will be less than the cost of acquiring only a portion of the property. The legislature granted these same powers to counties by expressly authorizing counties to exercise those powers granted to the DOT under subsections 337.27(1) and (2). See § 127.01(1)(b), Fla. Stat. (1989). Thus, the legislature expressly granted to the DOT and counties the power to take more property than necessary for a particular project.
Article VIII, section 2, Florida Constitution, expressly grants to every municipality the authority to conduct municipal government, perform municipal functions, and render municipal services. The only constitutional limitation placed on the municipalities' authority is that such powers be exercised for valid "municipal purposes." State v. City of Sunrise, 354 So.2d 1206 (Fla. 1978). The "Municipal Home Rule Powers Act," enacted by the legislature in 1973,[5] states that as provided by the Florida Constitution municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." § 166.021(1), Fla. Stat. (1989). Thus, municipalities are not dependent upon the legislature for further authorization, and legislative statutes are relevant only to determine limitations of authority. City of Sunrise, 354 So.2d at 1209. Although section 166.401, Florida Statutes (1989),[6] purports to authorize municipalities to exercise eminent domain powers, municipalities could exercise those powers for a valid municipal purpose without any such "grant" of authority. If the state has the power to take particular land for public purposes, then a municipality may also exercise that power unless it is "expressly prohibited." Although section 166.401(2) does not expressly grant the taking of an entire parcel by a municipality to save money, it also does not expressly prohibit a municipality from doing so.
*18 With regard to the taking of an entire parcel to avoid business damages, this Court has stated that "the purpose of cutting acquisition costs to expand the financial base for further public projects constitutes a valid public purpose." Department of Transp. v. Fortune Fed. Sav. & Loan Ass'n, 532 So.2d 1267, 1270 (Fla. 1988). If it is a public purpose to save state and county money in road acquisition costs by taking an entire parcel rather than part of a parcel of land, then it is also a public purpose for municipalities to save taxpayers' money for the same type of acquisition.
We find that the taking in this instance is a municipal purpose that has not been expressly prohibited by law, and the district court erred in finding that the City did not have the power to acquire the Nyes' entire property when only a portion was needed for a municipal purpose. Because we find that the City was authorized to acquire the entire tract of land, we need not address the issue of whether this taking constituted a constructive total taking.
Accordingly, we quash the decision of the district court and remand with directions to affirm the trial court's judgment.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents.
NOTES
[1] The Nyes asserted the claim for business damages pursuant to section 73.071(3)(b), Florida Statutes (1989), which states in pertinent part:

[T]he amount of compensation ... shall include:
... .
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing ... the probable damages to such business which the denial of the use of the property so taken may reasonably cause... .
[2] Article VIII, section 2(b), Florida Constitution, states:

SECTION 2. Municipalities. 
(b) POWERS. Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective.
[3] Section 166.021, Florida Statutes (1989), provides, in pertinent part:

(1) As provided in Art. VIII, s.2(b) of the State Constitution, municipalities ... may exercise any power for municipal purposes, except when expressly prohibited by law.
(2) "Municipal Purpose" means any activity or power which may be exercised by the state or its political subdivisions.
(3)... .
(4) The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the constitution. It is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited.
[4] Section 337.27(2), Florida Statutes (1989), authorizes the DOT to acquire an entire tract of land if the acquisition costs will be equal to or less than the costs of acquiring a portion of the property. This subsection further provides that "this means of limiting the rising costs to the state of property acquisition is a public purpose." Section 127.01(1)(b), Florida Statutes (1989), grants this same power to the counties.
[5] Ch. 73-129, § 1, Laws of Fla.
[6] Section 166.401, Florida Statutes (1989), provides:

(1) All municipalities in the state may exercise the right and power of eminent domain; that is, the right to appropriate property within the state, except state or federal property, for the uses or purposes authorized pursuant to this part. The absolute fee simple title to all property so taken and acquired shall vest in such municipal corporation unless the municipality seeks to condemn a particular right or estate in such property.
(2) Each municipality is further authorized to exercise the eminent domain powers granted to the Department of Transportation in s. 337.27(1) and the transportation corridor protection provisions of s. 337.273.
The legislature has since amended the municipal eminent domain statute to expressly permit municipalities to exercise those powers granted the DOT under section 337.27(2). See § 166.401(2), Fla. Stat. (Supp. 1990).