THOMPSON, Judge.
Appellant, City of Ocala (“City”), appeals an order of the trial court dismissing the City’s petition for eminent domain on a parcel of land owned by appellee, Red Oak Farm, Inc. (“Red Oak”). Appellant argues that the trial court erred in applying Chapter 180, Florida Statutes, to the City. We affirm.
FACTS
The city council of Ocala adopted resolution 92-41 authorizing the city attorney to file a condemnation proceeding to acquire land necessary for the construction of an electrical substation. No other resolutions were passed affecting this condemnation. When the City filed the petition in eminent domain seeking the condemnation of certain property, including “Parcel 1” owned by Red Oak, it failed to attach a copy of a resolution setting forth a zone or area and prescribing reasonable regulations concerning its intent to construct a utility in the zoned territory because the land sought to be condemned is outside the city limits.
Red Oak moved to dismiss the petition alleging that the City failed to comply with the jurisdictional requirements of Chapter 180,[1] Florida Statutes. Specifically, Red Oak argued that by failing to pass a proper resolution proposing construction or extension of the utility pursuant to section 180.03, Florida Statutes (1991), or by passing an ordinance *83 or resolution authorizing construction or extension of the utility pursuant to section 180.-04, Florida Statutes (1991), the City failed to comply with the required statutory provision necessary to sustain a petition for condemnation. The trial court agreed and dismissed the petition. The City properly appeals.
We hold that Chapter 180 is applicable and does allow the City to exercise its authority to construct an electrical utility outside the city limits. However, in order to take a property owner’s land by eminent domain, the statutory provisions of a petition in eminent domain, as defined by section 73.021,[2] Florida Statutes (1991), must be strictly complied with for a valid condemnation. A defective petition will not allow a landowner’s property to be taken. Tosohatchee Game Preserve, Inc. v. Central & Southern Fla. Flood Control Dist., 265 So.2d 681 (Fla.1972). Because the petition did not have the proper resolutions attached and did not comply with Chapter 180, we affirm the trial court.
AFFIRMED.
HARRIS, C.J. and PETERSON, J., concur.

. Section 180.02, Florida Statutes (1991), reads in part:
(2) Any municipality may extend and execute all of its corporate powers applicable for the accomplishment of the purposes of this chapter outside of its corporate limits ...
Section 180.03, Florida Statutes (1991), reads in part:
(1) When it is proposed to exercise the powers granted by this chapter, a resolution or ordinance shall be passed by the city council ... reciting the utility to be constructed or extended and its purpose ...
Section 180.04, Florida Statutes (1991), reads in part:
If after the passage of said resolution the said city council ... shall determine to proceed toward the construction of said utility ... the said city council ... shall pass an ordinance or resolution authorizing the construction of the utility or any extension thereof, reciting the purpose and the territory to be included ...

. Section 73.021, Florida Statutes (1991) provides in part:
Petition; contents. — Those having the right to exercise the power of eminent domain may file a petition therefor in the circuit court of the county wherein the property lies, which petition shall set forth:
(1) The authority under which and the use for which the property is to be acquired, and that the property is necessary for that use.