652 So.2d 1237 (1995)
BASIC ENERGY CORPORATION, Appellant,
v.
HAMILTON COUNTY, Florida, a Political Subdivision of the State of Florida, The City of Jasper, Florida, a Municipal Corporation Organized and Existing under the Laws of the State of Florida, Appellees.
Nos. 93-4054, 94-1957.
District Court of Appeal of Florida, First District.
April 6, 1995.
*1238 Donald J. Schutz, St. Petersburg, for appellant.
William J. Haley, Brannon, Brown, Haley, Robinson & Cole, P.A., Lake City, for appellees.
PER CURIAM.
In these consolidated appeals from non-final orders pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B) and 9.130(A)(3)(C)(ii), pertaining to the exercise of eminent domain powers by the city of Jasper, the parties raise the following issue: whether the city's authority to construct jails provides a basis for the exercise of its eminent domain power when the city intends to donate the property condemned to the State of Florida for the construction of a state prison facility.[1]
The city of Jasper and Hamilton County joined together to form a Prison Task Force for the purpose of attracting additional prison industry to their area. Pursuant to that purpose, the city initiated eminent domain proceedings directed to appellant's property. It is clear from the record that the city intended to acquire the property and donate it to the state for construction of a state prison facility. At hearing, the Jasper city manager indicated the plan was to donate the property to the state, that a state facility was contemplated, and the city would not be involved in its operation or management. Asked if the facility contemplated was a city or county jail, he replied it would be a state correctional facility. He said the prison expansion would provide 1100 additional prison beds and 300 jobs for local citizens, and add 20% to the city's utility revenues, and that the plan was consistent with the city's economic development strategy.
The trial court found the city was authorized to acquire the property in question "by eminent domain for the public purpose of jail or correctional purposes," that "construction of a jail, prison or correctional institution and the operation and maintenance of the same is a proper public purpose" for which the city could exercise its eminent domain power, and that "the property sought to be acquired by petitioner herein is necessary for the public purpose of constructing a jail."
On appeal, appellant contends the city's purpose in exercising its eminent domain power in this case is not a valid municipal purpose. Appellee relies on its authority to construct jails pursuant to section 180.06, Florida Statutes, as the valid municipal purpose to be served. However, since it is quite clear the city does not intend to build or operate a jail,[2] section 180.06 is not determinative. *1239 Further, the question is not whether a particular statute specifically permits the exercise of authority; rather, as the following excerpts demonstrate, the question is whether the exercise of authority is for a valid municipal purpose, and if so, whether there is any constitutional or statutory limitation on the exercise of that authority.
"Article VIII, section 2, Florida Constitution, expressly grants to every municipality the authority to conduct municipal government, perform municipal functions, and render municipal services. The only constitutional limitation placed on the municipalities' authority is that such powers be exercised for valid `municipal purposes.'" City of Ocala v. Nye, 608 So.2d 15 (Fla. 1992). Municipalities may exercise any power for valid municipal purposes unless expressly prohibited by law. Id.[3] Thus, "whenever a municipality exercises its powers, a two-tiered question is presented. First, was the action taken for a municipal purpose? If so, was that action expressly prohibited by the constitution, general or special law, or county charter." City of Winter Park v. Montesi, 448 So.2d 1242, 1244 (Fla. 5th DCA 1984), review denied 456 So.2d 1182 (Fla. 1984).
"A municipality exists in order to provide services to its inhabitants." State v. City of Orlando, 576 So.2d 1315 (Fla. 1991). A valid municipal purpose must relate "to the conduct of municipal government, exercise of a municipal function, or provision of a municipal service." See Ormond Beach v. County of Volusia, 535 So.2d 302, 304 (Fla. 5th DCA 1988). Generally, a municipal purpose is one that is related to the health, morals, safety, protection or welfare of the municipality. Id. See also, City of Winter Park v. Montesi, 448 So.2d at 1244, citing State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951).
The purpose asserted by appellee and considered by the trial court involves the provision of state correctional facilities. The donation of land for the construction of a state prison may incidentally relate to the protection of municipal inhabitants; however, this purpose is no more particular to residents of the city of Jasper than to any other inhabitants of the state. Thus, we conclude no municipal purpose has been asserted. While we do not hold that no valid municipal purpose could exist for the exercise of eminent domain authority in this case, we conclude the purpose asserted by appellee does not support the exercise.[4]
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, JOANOS and MINER, JJ., concur.
NOTES
[1] The temporary injunction allowed the city and county to conduct tests on the property, and those tests have already been carried out; thus as to the temporary injunction, this issue appears to be moot.
[2] Section 180.06 authorizes municipalities to construct and operate jails. The terms "jail" and "prison" have different legal significance. According to Black's Law Dictionary (6th ed. 1991), the definition of "jail" includes:

A place of confinement that is more than a police station lockup and less than a prison. It is usually used to hold persons either convicted of misdemeanors... or persons awaiting trial or as a lockup for intoxicated and disorderly persons.
The definition of "prison" includes:
A state or federal correctional institution for incarceration of felony offenders for terms of one year or more. The words "prison" and "penitentiary" are used synonymously to designate institutions for the imprisonment of persons convicted of the more serious crimes as distinguished from reformatories and county or city jails.
In addition, it is clear from the way the terms are used in the Florida Statutes that jails and prisons are not considered to be one and the same. For example, there are separate chapters in the Florida Statutes dealing with "Jails and Jailers" (chapter 950) and the "State Correctional System" (chapter 944). The state correctional system includes all prisons and state correctional institutions. Section 944.02(1), Florida Statutes (1993). "The words `penitentiary,' `state prison,' or `state prison farm,' whenever the same are used in any of the laws of this state, as a place of confinement or punishment for a crime, shall be construed to mean and refer to the custody of the Department of Corrections within the state correctional system...." Section 944.08, Florida Statutes (1993). The legislation concerning the sentencing guidelines distinguishes between state prison sentences and time spent in county jail. See, e.g., section 921.161, Florida Statutes (1993). Section 922.051, Florida Statutes (1993) also recognizes the distinction between state prisons and county jails.
[3] Section 166.401, Florida Statutes, provides that municipalities may exercise the power of eminent domain "for the uses or purposes authorized pursuant to this part." Section 166.411(1), Florida Statutes, provides that municipalities may exercise the power of eminent domain for "good reason connected in anywise with the public welfare or the interests of the municipality and the people thereof." Since the use of eminent domain is "one of the most harsh proceedings known to the law, ... when the sovereign delegates the power to a political unit or agency a strict construction will be given against the agency asserting the power." Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483, 485 (1947).
[4] The record suggests an alternative municipal purpose might be one of economic development or economic welfare; however, that purpose was not asserted by appellee in this court or before the trial court, thus it has not been developed in the record or in the arguments before us.