ON MOTION TO ENFORCE MANDATE
JOANOS, Judge.
Appellant has filed with this court a motion to enforce mandate[1] in Basic Energy Corp. v. Hamilton County, 652 So.2d 1237 (Fla. 1st DCA 1995). Appellant asserts that the sole avenue open to the circuit court upon issuance of the mandate in that case was to vacate the order of taking and dismiss the petition without prejudice to permit amendment of the pleadings. The trial eourt entered an order continuing various post-appeal motions filed by Basie Energy and by the City, including Basic Energy’s Motion to Vacate Order of Taking and Dismiss Complaint in Conformance with Mandate and the City’s Motion to Amend Complaint and Motion to Consider Order of Taking. We agree that the mandate requires vacation of the invalid order of taking, and that an amended petition will be required in order for the City to proceed on any alternate theory.
As appellant points out, “[a] trial court’s role upon the issuance of a mandate from an appellate court becomes purely ministerial and its function is limited to obeying the appellate court’s order or decree.... A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape or form,” and may not “change the law of the case as determined by the highest court hearing the case.” Torres v. Jones, 652 So.2d 893 (Fla. 3d DCA 1995).
However, further inquiry may be necessary to determine what is required in order to comply with the mandate. “A remand phrased in language which limits the issues for determination will preclude consideration of new matters affecting the cause- Concomitantly, ‘[i]t is well settled that, upon reversal and remand with general directions for further proceedings, a trial judge is vested with broad discretion in handling or directing the course of the cause thereafter.’ ” City of Palm Bay v. State, Department of Transportation, 588 So.2d 624, 627 (Fla. 1st DCA 1991). In addition, “ ‘a prior judgment of reversal is not necessarily an adjudication by the appellate court of any points other than the question in terms discussed and decided, but if, however, a particular holding is implicit in the decision rendered, it is no longer open for consideration ’ ” (emphasis supplied). Smith v. Frank Griffin Volkswagen, Inc., 645 So.2d 585 (Fla. 1st DCA 1994) citing S/D Enterprises, Inc. v. Chase Manhattan Bank, 375 So.2d 1109, 1111 (Fla. 3d DCA 1979).
In its decision in the underlying appeal, this court determined the order of taking was not supported by the establishment of a valid municipal purpose, and reversed and remanded for further consistent proceedings. No motions for rehearing or clarification were filed.
Upon consideration of the arguments presented in Basic Energy’s motion to enforce mandate and the City’s response, we conclude it is implicit in the opinion that the order of taking, determined to be invalid, must be vacated. We also conclude it is implicit in the opinion, when considered in light of the original petition filed by the City, that in order to proceed on any alternative theory, an amended petition will be required.[2]
At present, the trial court has simply continued these matters. Since our directions were for further consistent proceedings, *251 which implies broad discretion on the part of the trial court to direct the course of the case, and since the matters discussed herein are implicit rather than explicit in the opinion, we are reluctant to say, at this point, that the trial court’s continuance of these matters constitutes a refusal to give effect to this court’s mandate. We are confident that, with this additional guidance, the trial court will proceed to give effect to the mandate without further delay. For that reason we DENY the motion to enforce mandate at this time.
ERVIN and MINER, JJ., concur.

. Appellant initially filed a petition for writ of mandamus, which this court elected to treat as a motion to enforce mandate. Appellant subsequently filed an emergency motion for relief on the petition for writ of mandamus. We issued an order to show cause, to which the city responded.

. Section 73.021, Fla.Stat., requires that the petition state, among other things, the use for which the property is to be acquired. An examination of the original petition shows that the only use stated in that petition is the one later found to be invalid.