TAYLOR, J.
The City of Hallandale Beach (City) sought to acquire vacant land owned by the Hallandale Church of God (Church) to expand its existing public works facility. The trial court dismissed its eminent domain petition for failure to comply with various provisions of Chapter 180, Florida Statutes. We reverse, because, in condemning property within its boundaries, the City was not required to utilize or comply with Chapter 180.
The City’s eminent domain petition cited authority under Chapters 73, 74, and 166, Florida Statutes, Art. VIII, Sec. 2(b) of the Florida Constitution, and Hallandale Beach Resolution 2001-13. It attached a copy of the resolution to the petition. The Church argued, however, that the petition was jurisdictionally defective for failing to attach the proper resolutions required by Chapter 180. In response, the City maintained that compliance with Chapter 180 was necessary only when a municipality sought to acquire land outside its boundaries.
Section 166.411, Florida Statutes, codifies a municipality’s power of eminent domain. It lists the appropriate uses and purposes for which a municipality may exercise its right and power of acquiring land by eminent domain. Subsection (2) allows this power to be used “[o]ver railroads, traction and streetcar lines, telephone and telegraph lines, all public and private streets and highways, drainage districts, bridge districts, school districts, or any other public or private lands whatsoever necessary to enable the accomplishment of purposes listed in s. 180.06.” § 166.411(2). Those having the right to exercise the power of eminent domain may do so by filing a petition in the circuit court of the county where the property is situated. § 73.021, Fla. Stat.
The parties do not dispute that the City’s proposed acquisition to expand its public works facility to accommodate a planned water treatment plant falls within the statutorily authorized public purposes. Rather, they disagree about the applicability of certain Chapter 180 provisions, which require resolutions and opportunities for the public to be heard on certain issues concerning a utility’s construction. Section 180.02, Florida Statutes, provides in relevant part:
(1) For the accomplishment of the purposes of this chapter, any municipality may execute its corporate powers within its corporate limits.
(2) Any municipality may extend and execute all of its corporate powers applicable for the accomplishment of the purposes of this chapter outside of its corporate limits, as hereinafter provided and as may be desirable or necessary for the promotion of the public health, safety and welfare or for the accomplishment of the purposes of this chapter; provided, however, that said corporate powers shall not extend or apply within the corporate limits of another municipality.
(3) In the event any municipality desires to avail itself of the provisions or benefits of this chapter, it is lawful for such municipality to create a zone or area by ordinance and to prescribe reasonable regulations requiring all persons or corporations living or doing business within said area to connect, when available, with any sewerage system or alternative water supply system ... provided, however, in the creation of said zone the municipality shall not include any area within the limits of any other incorporated city or village, nor shall such area or *497 zone extend for more than 5 miles from the corporate limits of said municipality.
In the event that a party proposes to exercise the powers granted by Chapter 180, a resolution or ordinance must be passed by the legislative body of the municipality “reciting the utility to be constructed or extended and its purpose, the proposed territory to be included, what mortgage revenue certificates or debentures if any are to be issued to finance the project, the cost thereof, and such other provisions as may be deemed necessary.” § 180.03(1), Fla. Stat. A second ordinance or resolution is then required in order to authorize construction or extension of the utility. § 180.04, Fla. Stat.
In its order denying the City’s motion for reconsideration of the dismissal of its petition, the trial court ruled that Chapter 180 clearly applies to condemnation proceedings both within and outside a city’s limits. However, a careful reading of section 180.02 demonstrates otherwise. Subsection (1) states that any municipality may execute its corporate powers within its corporate limits in order to accomplish the purposes of Chapter 180. Subsection (2) states that a municipality may exercise its powers outside of its corporate limits “as hereinafter provided.” Chapter 180 then goes on to explain how a municipality may go about exercising those powers. It thus appears that the purpose of Chapter 180 is to allow a municipality to exercise its powers regarding public works when outside its corporate limits. Section 180.02 makes the distinction between exercising authority inside and outside of a city’s limits. Here, because the City is not seeking to condemn property outside of its limits, there is no need to resort to or comply with the provisions of Chapter 180.
The Church argued, and the trial court ruled, that City of Ocala v. Red Oak Farm, Inc., 636 So.2d 81 (Fla. 5th DCA 1994), applies to this case. In Red Oak Farm, although the city passed a resolution authorizing the city attorney to file a condemnation proceeding, it “failed to attach a copy of a resolution setting forth a zone or area and prescribing reasonable regulations concerning its intent to construct a utility in the zoned territory because the land sought to be condemned [was] outside the city limits.” Id. at 82. Red Oak Farm moved to dismiss the petition for failing to comply with the requirements of Chapter 180. The trial court dismissed the petition and the city appealed. The fifth district affirmed the trial court’s ruling, stating:
We hold that Chapter 180 is applicable and does allow the City to exercise its authority to construct an electrical utility outside the city limits. However, in order to take a property owner’s land by eminent domain, the statutory provisions of a petition in eminent domain, as defined by section 73.021 ... must be strictly complied with for a valid condemnation. A defective petition will not allow a landowner’s property to be taken. Because the petition did not have the proper resolutions attached and did not comply with Chapter 180, we affirm the trial court.
Id. at 83 (citations omitted).
Based upon this language, the trial court agreed with the Church that Chapter 180 applies to proceedings both within and outside a city’s corporate limits. However, we read Red Oak Farm to hold that because the city was proceeding outside of its limits, it was required to utilize Chapter 180. Because the city did not adhere to Chapter 180, the petition in eminent domain was defective. The present case is distinguishable. Here, the City was condemning property inside its city limits. Therefore, it was not required to adopt resolutions pursuant to sections 180.03 and 180.04, but instead, was permitted to ac *498 quire the Church pursuant to its home rule powers to condemn property located within its boundaries absent an express prohibition. See City of Ocala v. Nye, 608 So.2d 15, 17 (Fla.l992)(“The ‘Municipal Home Rule Powers Act,’ enacted by the legislature in 1973, states that as provided by the Florida Constitution municipalities ‘may exercise any power for municipal purposes, except when expressly prohibited by law.’ ”).
Furthermore, section 180.21, Florida Statutes, states that “[t]he authority and powers granted by [Chapter 180] to municipalities shall be in addition to but not in limitation of any of the powers heretofore or hereafter granted to municipalities now existing or hereafter created.” Acts which recite that the powers granted are additional or supplemental may be used in addition to other laws on the same subject; however, they may be rejected by the public entity and another applicable law used in its place. See Speer v. Olson, 367 So.2d 207, 213 (Fla.1978).
Because we find that the City was not required to comply with Chapter 180 when condemning property within its corporate limits, we reverse the trial court’s order dismissing the Petition and remand this case to the trial court for further proceedings.
REVERSED and REMANDED.
SHAHOOD, J., and FLEET, J., LEONARD, Associate Judge, concur.